UNITED STATES of America

v.

Clinton L. PHILLIPS, Appellant.

No. 72–1859.

United States Court of Appeals,
District of Columbia Circuit.

Argued April 23, 1973.

Decided May 16, 1973.

Dorothy R. Burakreis [*], with whom Heathcote W. Wales, Sherman L. Cohn and Linda Blumenfeld [*] (all appointed by this court), were on the brief, for appellant.

Richard S. Vermeire, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., and John A. Terry and Kenneth Michael Robinson, Asst. U. S. Attys., were on the brief, for appellee.

Before WRIGHT and TAMM, Circuit Judges, and DAVIES,[**] Senior District Judge.

PER CURIAM.

The appellant, charged in a two-count indictment with second degree murder, a violation of 22 D.C.Code § 2403 (1967), and with carrying a dangerous weapon without a license, a violation of 22 D.C. Code § 3204 (1967), appeals from his conviction of the latter crime.

We reach only appellant's contention that the prosecutor's improper closing and rebuttal arguments were so highly prejudicial as to require reversal.

On no fewer than three occasions, once during closing and twice during rebuttal, the prosecutor sought to draw an analogy between the crime charged against appellant and those involving Sirhan Sirhan, James Earl Ray, [Richard] Speck and Jack Ruby.

"While such an argument is always to be condemned as 'an appeal wholly irrelevant to any facts or issues in the case,' Viereck v. United States, 318 U. S. 236, 247, 63 S.Ct. 561, 566, 87 L. Ed. 734 (1943), and as a dereliction of the prosecutor's high duty to prosecute fairly, see Berger v. United States, 295 U.S. 78, 88, 55 S.Ct. 629, 79 L.Ed. 1314 (1935), in the context of current events, raising the spectre of [heinous crimes] . . . was an especially flagrant and reprehensible appeal to

---

[*] Student counsel appointed pursuant to Rule 20 of the General Rules of this court.

[**] Of the United States District Court for the District of North Dakota, sitting by designation pursuant to 28 U.S.C. § 294 (d) (1970).

passion and prejudice. Although the prosecutor 'may strike hard blows, he is not at liberty to strike foul ones. It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one.' Berger v. United States, *supra*, 295 U.S. at 88, 55 S.Ct. at 633; Viereck v. United States, *supra*, 318 U.S. at 248, 63 S.Ct. at 567." Brown v. United States, 125 U.S.App.D.C. 220, 224, 370 F.2d 242, 246 (1966).

Reversed.