469 So.2d 947 (1985)
Gary MOORE, Appellant,
v.
STATE of Florida, Appellee.
No. 84-1434.
District Court of Appeal of Florida, Fifth District.
May 30, 1985.
*948 James B. Gibson, Public Defender, and Christopher S. Quarles, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Gary W. Tinsley, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Judge.
Moore appeals his sentence imposed under the amended guidelines. He claims the trial court made three errors: the application of the guidelines as amended subsequent to the date on which he committed the offense for which he was sentenced;[1] the assessment of twenty points for victim injury; and the assessment of ten points for prior convictions. We reverse, finding the trial court's only error was its ex post facto application of the amended guidelines.
The defendant committed the offense of "lewd, lascivious or indecent assault or act upon or in the presence of a child" in April 1984. He pleaded guilty in June and was sentenced in September of 1984. Under the guidelines in effect on the date of the offense, Moore's recommended sentence would have been any nonstate prison sanction. His recommended sentence under the amended guidelines was thirty months to three and one-half years incarceration. Without giving written reasons or intending to impose a "departure" sentence,[2] the trial court sentenced him to three and one-half years imprisonment.
Inasmuch as the amended guidelines increased the punishment so as to alter Moore's situation to his disadvantage in relation to the date he committed the offense, their application in this case violates the ex post facto clause. U.S. CONST., art. I, § 10; Art. I, § 10, Fla. Const.; Wilensky v. Fields, 267 So.2d 1 (Fla. 1972); Miller v. State, 468 So.2d 1018 (Fla. 4th DCA 1985); Brown v. State, 460 So.2d 427 (Fla. 5th DCA 1984); Carter v. State, 452 So.2d 953, n. 3 at 954 (Fla. 5th DCA 1984). Even though we affirm the balance of this appeal, the sentence received exceeds the presumptive range for a "non-departing" sentence under the guidelines in effect at the time of the offense.
Next, Moore argues the trial court should not have assessed points for victim injury because the offense for which he was sentenced may be committed without victim contact. While this latter contention is true, the "lewd and lascivious assault" statute is written in the disjunctive so that *949 physical contact may constitute an element.[3] The information in the instant case charged the crime in the disjunctive. Thus, in this case, victim contact is an element of the offense for which the defendant was convicted. Under Florida Rule of Criminal Procedure 3.701(d)(7), "victim injury shall be scored if it is an element of any offenses at conviction." Accordingly, the trial court did not err by assessing points for such "victim injury."
The defendant's third contention is that his own admission, reflected in the presentence investigation report, of having two prior convictions is an insufficient verification to allow the trial court to assess points for prior convictions. We disagree and find the defendant's admission was sufficient.
Accordingly, we quash the sentence and remand for resentencing.
QUASHED AND REMANDED.
DAUKSCH and COWART, JJ., concur.
NOTES
[1] The supreme court amended the sentencing guidelines, Florida Rule of Criminal Procedure 3.701, effective July 1, 1984. The Florida Bar: Amendment to Rules of Criminal Procedure (3.701, 3.988-Sentencing Guidelines), 451 So.2d 824 (Fla. 1984).
[2] Fla.R.Crim.P. 3.701(d)(11).
[3] Section 800.04, Florida Statutes (1983) provides:

Any person who shall handle, fondle or make an assault upon any child under the age of fourteen years in a lewd, lascivious or indecent manner, or who shall knowingly commit any lewd or lascivious act in the presence of such child, without the intent to commit sexual battery shall be guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083 or s. 775.084. (Emphasis added).