483 So.2d 768 (1986)
Lanzafane HENDRIETH, Appellant,
v.
STATE of Florida, Appellee.
No. BD-274.
District Court of Appeal of Florida, First District.
February 7, 1986.
Rehearing Denied March 19, 1986.
*769 Michael Allen, Public Defender, Paula S. Saunders, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Gary L. Printy, Asst. Atty. Gen., for appellee.
McCORD, GUYTE P., Jr. (Ret.), Associate Judge.
Hendrieth appeals from convictions for burglary of a conveyance and of a dwelling, and two counts of petit theft. He raises three points on appeal, only one of which merits discussion. We affirm.
Christopher Campbell, a resident of the victimized neighborhood, was interviewed by the police on the night of Hendrieth's arrest. He told them that he had seen two black men walking around the homes along his street, prompting him to call the police. This information was synopsized by the police in their report of the incident.
Campbell repeated his story at trial on direct examination by the State. He was not able to make an in-court identification of Hendrieth as one of the men he saw on the night of the crimes, but stated that he could have done so at that time. The State then called the officer who had interviewed Campbell and asked him to relate the information he had received, as reflected in the police report. The defense objected to the testimony as a prior consistent statement, impermissible because Campbell's direct testimony had not been impeached. The court allowed the officer to answer, ruling that the police report was "a more accurate statement" of Campbell's observations. The officer proceeded to testify, not that Campbell had identified Hendrieth, but that he had related seeing "two black men prowling around the neighborhood."
The admission of this testimony was error. Prior consistent statements are generally inadmissible absent a showing of recent fabrication or other reason for the witness's lack of credibility, Demps v. State, 462 So.2d 1074 (Fla. 1985), and the record reflects no impeachment whatever of Campbell's direct testimony.
Prior consistent statements may also be admissible under certain exceptions to the hearsay rule, Ehrhardt, Florida Evidence, 2d ed., § 801.8, but no exception is applicable in this case. Section 90.803(5), Florida Statutes (1983), provides that "a memorandum or record concerning a matter about which a witness once had knowledge, but now has insufficient recollection to enable him to testify fully and accurately, shown to have been made by the witness when the matter was fresh in his memory and to reflect that knowledge correctly" is not hearsay. The report from which the officer testified as to what Campbell told him was not "made by the witness," however, but was a synopsis made by the officer. Police reports themselves are specifically excluded from the exception for public records and reports, Section 90.803(8), Florida Statutes (1983).
The State next argues that the police may testify to an out-of-court identification when a witness is unable to do so, citing State v. Freber, 366 So.2d 426 (Fla. 1978). However, the officer's testimony herein did not reflect an on-the-scene identification by Campbell, but merely echoed his direct testimony that he saw "two black men" in the neighborhood. Therefore, Freber does not operate to validate the testimony.
The proper inquiry in the face of this error is whether, but for it, it is likely that the result below would have been different. Teffeteller v. State, 439 So.2d 840, 843 (Fla. 1983) citing Palmes v. State, 397 So.2d 648, 653 (Fla.) cert. den. 454 U.S. 882, 102 S.Ct. 369, 70 L.Ed.2d 195 (1981). If the impermissible testimony is eliminated, Campbell's identical, unobjectionable testimony remains. Further, evidence was presented that Hendrieth was apprehended on the street where the crimes occurred, almost immediately following Campbell's summons of the police, in the possession of the items identified by the victims as missing. *770 Therefore, we find that without the erroneous admission of the officer's testimony, the result would not have been different and the error was harmless.
AFFIRMED.
ERVIN and WIGGINTON, JJ., concur.