484 So.2d 94 (1986)
John Sessums WORLING, Appellant,
v.
STATE of Florida, Appellee.
No. 85-950.
District Court of Appeal of Florida, Fifth District.
March 6, 1986.
James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and W. Brian Bayly, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Judge.
Worling appeals his sentence imposed for lewd and lascivious assault upon a child.[1] Worling argues the trial court erred in adding twenty points to his guidelines scoresheet for victim injury, thereby raising the recommended guidelines sentence to a higher bracket. We affirm.
In this case the information charged in two counts that:
John Sessums Worling ... did then and there unlawfully handle, fondle or make an assault in a lewd, lascivious or indecent manner upon a child, under the age of fourteen (14) years to wit: [the victim], age (9), years, without intent to commit involuntary sexual battery by TOUCHING OR FONDLING HER PUBIC AREA, contrary to section 800.04, Florida Statutes.
Section 800.04 is written in the disjunctive, to encompass acts involving victim contact as well as acts involving no victim contact. It provides:
Any person who shall handle, fondle or make an assault upon any child under the age of fourteen years in a lewd, lascivious or indecent manner, or who shall knowingly commit any lewd or lascivious act in the presence of such child, without the intent to commit sexual battery shall be guilty of a felony of the second degree. (Emphasis added).
Here the information charged only that portion of the statute dealing with victim contact.
In Moore v. State, 469 So.2d 947 (Fla. 5th DCA 1985), review granted, No. 67,281 (Fla. Jan. 24, 1986), we held in an identical case that it was proper to assess points for victim injury under these circumstances. We affirm on the basis of Moore.
AFFIRMED.
DAUKSCH and UPCHURCH, JJ., concur.
NOTES
[1] § 800.04, Fla. Stat. (1983).