493 So.2d 515 (1986)
Billy G. BAKER, Appellant,
v.
STATE of Florida, Appellee.
No. BF-97.
District Court of Appeal of Florida, First District.
August 27, 1986.
Michael E. Allen, Public Defender, and Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, for appellee.
BARFIELD, Judge.
Billy G. Baker appeals his sentences for burglary and auto theft. The defendant contends the trial court erred in not requiring further corroboration as to his disputed prior record and in departing from the recommended guidelines sentence. We agree with appellant and reverse for both bases.
The state attorney prepared the scoresheet in reliance on an FBI rap sheet and a *516 telephone conversation with an Ohio prosecutor as substantiation for the scoring of two second degree felonies and two third degree felonies. Baker objected on hearsay grounds and further contended that two of the Ohio convictions were equivalent to misdemeanors in Florida. The court refused to amend the scoresheet or to require the State to produce further corroborating evidence of the prior convictions. The scoresheet total of 96 points thus recommended a sentence of 3 1/2 to 4 1/2 years in state prison.
The defendant's objection was not just to the hearsay nature of the evidence but specifically disputed the correctness of the evidence. The court should have required the State to provide further corroborating evidence of the past convictions to insure a proper sentencing scoresheet. Brooks v. State, 466 So.2d 1182 (Fla. 1st DCA 1985); Davis v. State, 463 So.2d 398 (Fla. 1st DCA 1985).
Of the four reasons for departure, the defendant has challenged all but the first reason. The presence of four prior convictions for a similar crime, indicating little hope of rehabilitation, is not a valid reason as the convictions are factored into the scoresheet. Hendrix v. State, 475 So.2d 1218 (Fla. 1985). The fact that a guideline sentence would not deter Baker's criminal activity is not a valid reason for departure. That is only a comment on the trial judge's opinion as to the sufficiency of the guidelines sentence. The final reason, lack of remorse, is an invalid reason. Scurry v. State, 472 So.2d 779 (Fla. 1985).
The sentences are REVERSED and the case REMANDED to the trial court for resentencing.
SHIVERS and ZEHMER, JJ., concur.