500 So.2d 318 (1986)
Terry Edward SMELLEY, Appellant,
v.
STATE of Florida, Appellee.
No. BH-376.
District Court of Appeal of Florida, First District.
December 30, 1986.
*319 John C. Harrison, P.A., Shalimar, for appellant.
Jim Smith, Atty. Gen. and John M. Koenig, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Judge.
Appellant Terry Edward Smelley appeals from a judgment of conviction and sentence imposed following a jury trial and guilty verdict for the offense of robbery with a weapon. Appellant raises four points for our review: (1) the denial of his motion for mistrial and motion to strike the venire, (2) the admission of prior consistent testimony to bolster the credibility of the victim, (3) the scoring of points for victim injury in computing the presumptive guidelines sentence, and (4) the scoring of certain prior offenses without corroborative evidence in computing the presumptive guidelines sentence. We affirm in part and reverse in part.
On October 26, 1984, the state filed an information charging that on October 16, 1984, appellant, while armed with a knife, *320 robbed an employee of a beer and wine bar of the day's receipts. Appellant was known to the employee, Mona Turner, as a regular customer of the bar. Ms. Turner had closed the bar for the day and had the day's receipts in a money bag. Appellant then approached and told her to go over to her car. When a car came by, Ms. Turner broke away and ran into the highway. Appellant pursued her and grabbed the money bag in her hand. When Ms. Turner did not release the bag, appellant allegedly cut her on the arm with what Ms. Turner thought was a knife. Appellant then took the money bag and ran. Meanwhile, the car which had traveled past Ms. Turner, stopped, and the driver, Cheryl Curtis, transported Ms. Turner to the police department.
Prior to jury selection, appellant's counsel requested the trial court to instruct the witnesses that no mention should be made of a prior violation of probation hearing. The trial court and the state attorney agreed. Then, during voir dire, as the state attorney orally listed the persons who might be called as witnesses in the trial, he said:
I think most of you heard the list of people that the state might call as witnesses in the case, but let me review them again. There were a couple left out who weren't here. Dale Griffin and Larry Bolin and Glen Barbaree are deputy sheriffs with the Okaloosa County Sheriff's Department. Mona Turner is the alleged victim in the case, an employee of Roger's Roost back in October. Cheryl Curtis is also a resident of Crestview. Marvin Bass is a Crestview policeman. Mike Hollinghead is an investigator with our office. Paul Dorcas is with the Florida Department of Law Enforcement, and there's a Daniel Robert Davis that both the state and defense have subpoenaed. I don't know that he'll be called, but in addition, Robert Bradley with the probation 
At that point, defense counsel asked to approach the bench where he moved the trial court to strike the entire venire based on the prosecutor's comment. The motion was denied, and voir dire proceeded.
At trial, the victim, Mona Turner, in response to the prosecutor's question, stated that the cut she received in the course of the robbery was not severe, and that it had healed in a matter of days. The state's second witness was Cheryl Curtis, the person who picked up the victim as she attempted to elude the robber. The prosecutor asked Ms. Curtis whether the victim had told her what happened. Defense counsel objected on the ground that the state was attempting to bolster the victim's credibility by prior consistent statements. The prosecutor's response was that Ms. Curtis was the first person the victim saw after the crime was committed. The defense objection was overruled, and Ms. Curtis was permitted to testify concerning the victim's statement. The defense's next objection pertained to the testimony of a deputy sheriff, who was also asked whether the victim had told him how she had been cut on the forearm. The deputy's testimony was also admitted.
At the close of the state's case, appellant's counsel moved for judgment of acquittal. The motion was denied, and the jury returned a verdict finding appellant guilty of robbery with a weapon. Subsequently, appellant's motion for new trial, was also denied.
After preparation of the guidelines scoresheet, appellant's counsel wrote to the trial court advising that appellant excepted to points which had been scored in two categories. Specifically, appellant disputed points scored for two escapes and the points scored for victim injury. At the sentencing proceedings, defense counsel pointed out that appellant had no recollection of the disputed prior convictions for the alleged escapes. In response to the defense sentencing memorandum, the prosecutor stated appellant had been given the opportunity to refute the statements in the Presentence Investigation report (which had been relied upon for the guidelines scoring of prior convictions for escape), but had not done so. With regard to scoring for victim injury, the prosecutor referred to *321 the victim's testimony that she had been cut with a knife. When asked for rebuttal, defense counsel asked the court to require proof as to the convictions. The trial court stated the letter indicating appellant's dispute with the guidelines scoresheet had been taken into consideration. Nevertheless, the court found the guidelines scoresheet prepared by the state to be appropriate and correct.
The first issue presented in this appeal concerns the denial of appellant's motion for mistrial and motion to strike the venire. A motion for declaration of mistrial is addressed to the sound discretion of the trial judge. Ferguson v. State, 417 So.2d 631, 641 (Fla. 1982); Salvatore v. State, 366 So.2d 745 (Fla. 1978), cert. denied, 444 U.S. 885, 100 S.Ct. 177, 62 L.Ed.2d 115 (1979); Palmer v. State, 486 So.2d 22, 23 (Fla. 1st DCA 1986). A motion for mistrial should be granted only in circumstances where "the error committed was so prejudicial as to vitiate the entire trial." Duest v. State, 462 So.2d 446, 448 (Fla. 1985); Cobb v. State, 376 So.2d 230, 232 (Fla. 1979). The standard of prejudice which a defendant must demonstrate "to obtain a new trial varies inversely with the degree to which the conduct of the trial has violated fundamental notions of fairness." Salvatore v. State, 366 So.2d at 751. In Salvatore the court concluded that no judgment should be reversed unless the error committed "injuriously affected the rights of the defendant." Id.
In the instant case, the prosecutor's comment occurred in the context of identifying potential witnesses for the prospective jurors. As the prosecutor recited the names of the witnesses, he also recited the respective occupation of each witness. Thus, the reference to Robert Bradley as a person associated with the probation office occurred in the context of an enumeration of possible witnesses who were associated with the sheriff's office, the police department, the Florida Department of Law Enforcement, and the state attorney's office. While the prosecutor's comment could be construed as suggesting that appellant had prior convictions, we find the error does not rise to the level of prejudice which would require declaration of a mistrial.
Appellant's second issue concerns the admission at trial of prior consistent testimony to bolster the credibility of the victim's testimony. As appellant asserts, a witness's trial testimony may not be corroborated or "bolstered" by his or her own prior consistent statement. Von Gallon v. State, 50 So.2d 882 (Fla. 1951); McElveen v. State, 415 So.2d 746 (Fla. 1st DCA 1982); Allison v. State, 162 So.2d 922 (Fla. 1st DCA 1964); Holliday v. State, 389 So.2d 679 (Fla. 3rd DCA 1980); Perez v. State, 371 So.2d 714 (Fla. 2d DCA 1979). This general rule is subject to exceptions, however, and the exception pertinent to this particular issue is set forth in Section 90.801(2)(b) of the Evidence Code, which provides in relevant part:
(2) A statement is not hearsay if the declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement and the statement is:
(b) Consistent with his testimony and is offered to rebut an express or implied charge against him of improper influence, motive, or recent fabrication; .. .
Thus, prior consistent statements of a witness testifying at trial are admissible to rebut, among other things, an express or implied charge of recent fabrication. Hendrieth v. State, 483 So.2d 768, 769 (Fla. 1st DCA 1986), citing Demps v. State, 462 So.2d 1074 (Fla. 1985). In Allison v. State this court observed that although the "general rule is well recognized that the testimony of a witness cannot be bolstered up or supported by showing that he made statements out of court similar to and in harmony with his testimony on the witness stand ... the courts have relaxed or not applied this rule where the witness has been impeached or his credibility assailed." 162 So.2d at 924.
Although in this case, the record reflects the victim's prior consistent statements were admitted under the spontaneous statement exception to the hearsay *322 rule, we conclude the statements were equally admissible as non-hearsay under Section 90.801(2)(b), to refute a charge of recent fabrication. The victim's credibility was attacked on cross examination, particularly with reference to her testimony concerning the knife allegedly employed in the robbery. Accordingly, the victim's prior consistent statements were admissible as non-hearsay under Section 90.801(2)(b) to refute a charge of recent fabrication. And, had there been no effort on the part of the defense to establish recent fabrication, the victim's statements were admissible under Section 90.803(1) and (2),[1] as both spontaneous statement and excited utterance, since the record reflects the victim's statement to Ms. Curtis was made immediately after she escaped from her assailant by jumping into Curtis's car, and her statement to the deputy was made within minutes of the robbery.
As third point in this appeal, appellant contends the scoresheet assessment of fourteen points for victim injury was error. We agree. The sentencing guidelines provide: "Victim injury shall be scored if it is an element of any offenses at conviction." Fla.R.Crim.P. 3.701(d)(7). The applicable committee note clarifies the rule by pointing out that:
(d)(7) This provision implements the intention of the commission that points for victim injury be added only when the defendant is convicted of an offense (scored as either primary or additional offense) which includes physical impact or contact. Victim injury is to be scored for each victim for whom the defendant is convicted of injuring and is limited to physical trauma.
The supreme court has ruled that the committee notes are to be considered an integral part of the rules. The Florida Bar: Amendment to Rules of Criminal Procedure (3.701, 3.988  Sentencing Guidelines), 451 So.2d 824 (Fla. 1984).
In this case, appellant was convicted and sentenced for the crime of robbery with a weapon in violation of section 812.13, Florida Statutes. Section 812.13 provides:
812.13 Robbery. 
(1) "Robbery" means the taking of money or other property which may be the subject of larceny from the person or custody of another by force, violence, assault, or putting in fear.
(2)(a) If in the course of committing the robbery the offender carried a firearm or other deadly weapon, then the robbery is a felony of the first degree, . ..
(b) If in the course of committing the robbery the offender carried a weapon, then the robbery is a felony of the first degree, ...
(c) If in the course of committing the robbery the offender carried no firearm, deadly weapon, or other weapon, then the robbery is a felony of the second degree, ...
(3) An act shall be deemed "in the course of committing the robbery" if it occurs in an attempt to commit robbery or in flight after the attempt or commission.
In Royal v. State, 490 So.2d 44 (Fla. 1986), the supreme court reaffirmed its prior decisions which interpreted section 812.13 as consistent with the common law definition of robbery, i.e., "the felonious taking of money or goods of value from the person of another, or in his presence, against his will, by violence, or putting him in fear." 490 So.2d at 46. See: Williams v. Mayo, 126 Fla. 871, 172 So. 86 (1937); Montsdoca v. State, 84 Fla. 82, 93 So. 157 (1922). In *323 Montsdoca the court had stated it is the threat or force used to accomplish the taking that is the element which distinguishes robbery from the offense of theft. Montsdoca, 93 So. at 159.
Although the terms which define the essential elements of robbery suggest a potential for physical contact with a resulting potential for victim injury, it is possible to take property from a person through the use of force, violence, assault, or putting in fear without any physical contact or injury. Clearly, victim injury is not a necessary element of robbery with a weapon, and it may not be included in a guidelines computation for that offense. Therefore, the fourteen points assessed against appellant for victim injury must be removed from the scoresheet.[2] See: Wright v. State, 487 So.2d 1176 (Fla. 1st DCA 1986); Brown v. State, 474 So.2d 346 (Fla. 1st DCA 1985), rev. denied, 484 So.2d 9 (Fla. 1986); Whitfield v. State, 471 So.2d 633 (Fla. 1st DCA 1985); Motyka v. State, 457 So.2d 1114 (Fla. 1st DCA 1984).
The state argues strenuously that this court should apply the rationale of Moore v. State, 469 So.2d 947 (Fla. 5th DCA 1985), to this case. In Moore, appellant was convicted for the offense of "lewd, lascivious or indecent assault or act upon or in the presence of a child." The court observed that the "applicable statute [section 800.04] is written in the disjunctive so that physical contact may constitute an element." 469 So.2d at 949. Accordingly, in Moore, the court found points were properly assessed for victim injury since victim contact was an element of the offense. The robbery statute, unlike the lewd and lascivious assault statute, does not in terms contemplate physical contact. Consequently, the state's argument in support of the Moore rationale is misplaced.
The final point raised in this appeal concerns the assessment of points for two disputed escapes. This court has held that if a scoresheet contains prior offenses that are challenged by the defendant and the only evidence of those offenses is hearsay, then the trial court must require the state to provide corroborating evidence of the past convictions. Baker v. State, 493 So.2d 515 (Fla. 1st DCA 1986); Brooks v. State, 466 So.2d 1182 (Fla. 1st DCA 1985); Davis v. State, 463 So.2d 398 (Fla. 1st DCA 1985).
In the instant case, the Presentence Investigation report lists two escapes for which appellant was assessed points on the scoresheet. Appellant challenged the listed escapes, both in a letter memorandum and orally at sentencing. The state produced no corroborating evidence regarding the alleged escapes. If a scoresheet contains prior offenses challenged by the defendant, and the only evidence of those offenses is hearsay, then the slate must provide corroborating evidence. In this case, the trial court erred in relying solely on hearsay evidence to prove the prior convictions challenged by appellant.
Accordingly, we affirm the first two points raised in this appeal; we reverse points three and four, and remand for resentencing after correction of the guidelines scoresheet in a manner consistent with this opinion.
THOMPSON, J., concurs.
NIMMONS, J., concurs in part and dissents in part with written opinion.
NIMMONS, Judge, concurring in part and dissenting in part.
I concur with Judge Joanos' opinion except that, with respect to the third issue regarding the scoring of victim injury, I disagree that the Fifth District's decision in Moore v. State, 469 So.2d 947 (Fla. 5th DCA 1985), is materially distinguishable from our case. Nevertheless, I would still concur with the majority on this point in view of this Court's earlier decisions in Brown v. State, 474 So.2d 346 (Fla. 1st *324 DCA 1985) and Wright v. State, 487 So.2d 1176 (Fla. 1st DCA 1986).
The seeming unfairness of the prohibition against the inclusion of points for victim injury on the guidelines scoresheet in a case where the defendant knifes his victim during a robbery is ameliorated by the fact that, as pointed out at footnote 2 of Judge Joanos' opinion, such knifing of the victim could serve as a valid reason for the imposition of a departure sentence in excess of the guidelines sentence. See Wright v. State, supra, footnote 1 at p. 1177.
I also do not agree with Judge Joanos' treatment of issue four regarding the scoring of two prior escape convictions. I am fully aware that where a defendant "challenges" the accuracy of his criminal record as reflected in the presentence investigation (p.s.i.) report, it is incumbent upon the state to present evidence supporting the challenged entries. Eutsey v. State, 383 So.2d 219 (Fla. 1980); Davis v. State, 463 So.2d 398 (Fla. 1st DCA 1985); and Baker v. State, 493 So.2d 515 (Fla. 1st DCA 1986). However, in the instant case I do not believe that there was the kind of challenge as would put the burden on the state to put on proof in support of the convictions listed in the p.s.i. report.
In advance of the sentencing hearing, the defendant received a copy of the p.s.i. report. Thereafter, defense counsel sent a letter to the judge taking issue with certain aspects of the p.s.i. report. In the letter, counsel said that the defendant denied the escapes. However, the sole basis of the objection, as stated by the defendant's attorney at the sentencing hearing, was that "Mr. Smelley does not have recollection of [the escapes]." I do not believe the above authorities would regard defense counsel's above reason  the bare assertion that his client does not remember the escapes  as a sufficient "challenge" to the accuracy of the p.s.i. report. I find it hard to believe  at least in the absence of some reasonable explanation  that a defendant would have no recollection of whether he had previously been convicted of an escape.
My fear is that our holding will encourage the unscrupulous defendant to "challenge" substantial portions of his p.s.i. report  whether dealing with his criminal history or otherwise  merely by making the bare assertion of no recollection, and thus unnecessarily prolonging and complicating the sentencing hearing. In recent years, sentencing proceedings have become increasingly complex and time consuming. I believe that our holding may be used to compound the problem.
NOTES
[1] § 90.803, Fla. Stat. (1983), provides in relevant part:

90.803 Hearsay exceptions; availability of declarant immaterial.  The provision of s.90.802 to the contrary notwithstanding, the following are not inadmissible as evidence, even though the declarant is available as a witness:
(1) SPONTANEOUS STATEMENT.  A spontaneous statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter, except when such statement is made under circumstances that indicate its lack of trustworthiness.
(2) EXCITED UTTERNACE.  A statement or excited utterance relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition.
[2] Since we have ruled that victim injury may not be scored because it is not a necessary element of the offense of robbery with a weapon, the victim's injury in this case may be used as a reason for departure from the recommended guideline sentencing range.