STONE, Judge.
Appellant was convicted of two counts of attempted second-degree murder. The information had charged attempted first-degree murder “by stabbing” his victims. The guidelines scoresheet used in sentencing included points for victim injury. The defendant correctly asserts the rule applicable at the time of sentencing that victim injury could only be properly scored if it was an element of the offense.[1] See Fla.R. Crim.P. 3.701(d)(7); Massard v. State, 501 So.2d 1289 (Fla. 4th DCA 1986), rev. dismissed, 504 So.2d 403 (Fla.1987); Clifford v. State, 518 So.2d 983 (Fla.2d DCA 1988); Smith v. State, 501 So.2d 139 (Fla.2d DCA 1987); Wright v. State, 487 So.2d 1176 (Fla. 1st DCA 1986). See also Mathis v. *1213 State, 515 So.2d 214 (Fla.1987); State v. Whitfield, 487 So.2d 1045 (Fla.1986).
However, victim injury may be included in computing the sentencing scoresheet for an attempted homicide, even without regard to the rule amendment, where the specific injury is charged in the information and demonstrated by the evidence. Cf. Moore v. State, 469 So.2d 947 (Fla. 5th DCA 1985), quashed on other grounds, 489 So.2d 1130 (Fla.1986).
The judgment and sentence are, therefore, affirmed.
ANSTEAD and DELL, JJ., concur.

. We note that this requirement has subsequently been eliminated. See Florida Rules of Criminal Procedure Re Sentencing Guidelines (Rules 3.701 and 3.988), 509 So.2d 1088 (Fla.1987).
However, this amendment is not applicable here. Miller v. Florida, — U.S. —, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987).