SHARP, Chief Judge.
Morgan appeals his 24 month community control sentence on the ground that the 36 points added to his sentencing scoresheet for “severe victim injury” should not have been included. Absent the controverted 36 points, Morgan’s score would have placed him in the presumptive sentence bracket of “any non-state prison sanction.” We agree they should not have been included.
Appellant was charged with being a principal to battery on a law enforcement officer [1] (one Edward Haugstatter), and being a principal to aggravated battery on the same officer, by striking him with a deadly weapon.[2] The proofs at trial established that Morgan was stopped by Officer Haug-statter because he was speeding and he appeared to be drunk. When the officer sought to arrest Morgan, Morgan punched him in the chest. Haugstatter wrestled Morgan to the ground and was in the process of handcuffing him when Harris, a passenger in Morgan’s car, grabbed Haug-statter’s flashlight and hit Haugstatter over the head with it, causing severe injury. Haugstatter was able to hold Harris and Morgan at gun point until help arrived.
The only injury which Haugstatter received resulted from Harris’ blow with the flashlight. But there was no evidence that Morgan was involved in Harris’ attack on Haugstatter, and no proof that either spoke to the other or planned Harris’ actions. As a result, the trial judge granted Morgan’s motion for judgment of acquittal as to the aggravated battery count. The jury found Morgan guilty of the battery on a law enforcement officer charge.
At the time the offense was committed, (February 19, 1987), sentencing guideline rule 3.701.d.7. provided: “Victim injury shall be scored if it is an element of any offense at conviction.” Victim injury does not appear to be a necessary element of the battery offense for which Morgan was convicted, although theoretically, the battery could have resulted in injury to Haugstatter. See Moore v. State, 469 So.2d 947 *1240 (Fla. 5th DCA 1985), quashed on other grounds, 489 So.2d 1130 (Fla.1986); Worling v. State, 484 So.2d 94 (Fla. 5th DCA 1986).
Even if victim injury points can be assessed in a case for a battery which causes victim injury, it is clear that in this case, Morgan’s battery caused no injury. Further, he was acquitted on the aggravated battery charge, which in fact caused Haug-statter’s injuries. Under these circumstances, assessing any victim injury points against Morgan is not justified under rule 3.701.d.7.[3] Accordingly, we vacate the sentence and remand for resentencing.
VACATE SENTENCE; REMAND.
DAUKSCH, J., concurs.
ORFINGER, J., concurs in result only.

. §§ 784.07(2) and 777.011, Fla.Stat. (1987).

. §§ 784.045(1)00 and 777.011, Fla.Stat. (1987).

. Although not controlling in this case, we note the result comports with the 1987 revision of rule 3.701.d.7. and its Committee Note, which states:
Victim injury shall be scored for each victim physically injured during a criminal episode or transaction.
Committee Note:
(d)(7) This provision implements the intention of the commission that points for victim injury be added for each victim injured during a criminal transaction or episode. The injury need not be an element of the crime for which the defendant is convicted, but is limited to physical trauma. However, if the victim injury is the result of a crime for which the defendant has been acquitted, it shall not be scored, (emphasis added)
See Florida Rules of Criminal Procedure Re Sentencing Guidelines, 509 So.2d 1088, 1089-1090 (Fla.1987).