# STATE OF FLORIDA v DUNN

## Case No. 88-0002-CA-AP-DN

Seventh Judicial Circuit, Volusia County

May 10, 1989

### APPEARANCES OF COUNSEL

**Rosemary L. Calhoun,** State Attorney's Office, for appellant.

**Lawrence J. Nixon,** for appellee.

### OPINION OF THE COURT

EDWIN P.B. SANDERS, Circuit Judge.

State of Florida appeals Trial Court's ruling on Motion below. Because we find the Trial Court's ruling correct, we deny this appeal. We affirm.

One of the fundamental rights inherent with the Constitution is the right to confront and cross-examine adverse witnesses. As Appellant points out in her brief: The right of confrontation protects the defendant from the possible dangers flowing from admission of an out-of-court statement by ensuring that the witness's statements are given

under oath, subject to the penalty of perjury, and to cross-examination, and to the watchful eye of the jury, which observes his demeanor and gauges his credibility in making those statements. *California v Green,* 399 U.S. 149 at 158, 90 S.Ct. 1040, 26 L.Ed. 2d 489 at 497.

The Trial Court correctly set forth Rule 90.804(1)(c), *Florida Statutes,* in its opinion. Sergeant Humm, arresting deputy, filled out a report incident to defendant's arrest. Clearly this report would not fit under belief of impending death; statement against interest; nor statement of personal or family history. The closest exception under Rule 90.804(1)(c) would be former testimony. However, this report does not meet the necessary criteria for "former testimony." Defendant had no counsel to cross-examine the information contained in the report, nor was the necessary setting available for "former testimony."

Appellant in her brief cites Rule 90.803(5), *Florida Statutes,* as being the vehicle in which to overturn the trial court's decision. In reading further in the Rule of Evidence Rule 90.803(8), police reports themselves are specifically excluded from the exception for public records and reports. *Hendrieth v State,* 483 So.2d 768. AFFIRMED. SMITH, C. McFERRIN, III, concur.