544 So.2d 1017 (1989)
Robert FENNELL, Petitioner,
v.
STATE of Florida, Respondent.
No. 72841.
Supreme Court of Florida.
June 1, 1989.
Richard L. Jorandby, Public Defender, and Jeffrey L. Anderson, Asst. Public Defender, Fifteenth Judicial Circuit, West Palm Beach, for petitioner.
Robert A. Butterworth, Atty. Gen., and Celia A. Terenzio, Asst. Atty. Gen., West Palm Beach, for respondent.
KOGAN, Justice.
We have for review Fennell v. State, 528 So.2d 1212 (Fla. 4th DCA 1988), certified to be in conflict with Smith v. State, 501 So.2d 139 (Fla. 2d DCA 1987). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
On November 18, 1986, the petitioner, Robert Fennell, was charged by information with two counts of attempted first-degree murder by stabbing, two counts of aggravated battery, and one count of armed burglary. At trial, the evidence established that Fennell inflicted injury upon the victims. Fennell was convicted of two counts of attempted second-degree murder and one count of armed trespass.
The trial court sentenced Fennell to fifteen years' imprisonment on each of the attempted murder convictions, with the sentences to run concurrently. He was also sentenced to two years' imprisonment for the armed trespass conviction to run concurrently with his other sentences. The fifteen-year sentence was arrived at through use of the sentencing guidelines scoresheet. The trial court assessed fortytwo points against Fennell for victim injury, which brought his total score within a recommended imprisonment range of twelve-to-seventeen years.
Fennell contends that the trial court erred by including points for victim injury in his total score because victim injury is not an element of either offense for which he was convicted. He argues that Florida Rule of Criminal Procedure 3.701(d)(7) makes it clear that victim injury may only be scored when it is an element of the offense for which the defendant was convicted.[1]
*1018 The Fourth District Court of Appeal affirmed Fennell's sentence on the basis of Moore v. State, 469 So.2d 947 (Fla. 5th DCA 1985), disapproved, State v. Taylor, 487 So.2d 294 (Fla. 1986). The district court relied upon Moore for the proposition that victim injury may be included in computing the scoresheet when the specific injury is charged in the information and demonstrated by the evidence. Moore, 469 So.2d at 948-49.
Thus, the issue presented is whether victim injury must be a statutory element of the offense at conviction or an element of the particular offense as charged in the information, in order to be scored on the sentencing guidelines scoresheet. We hold that, under the rule as it existed in 1986, victim injury may only be included in computing the scoresheet when it is a statutory element of the convicted offense.
Fennell correctly asserts that Florida Rule of Criminal Procedure 3.701(d)(7) requires that victim injury be scored only when it is an element of the convicted offense. The committee note to rule 3.701(d)(7) plainly states that "[t]his provision implements the intention of the commission that points for victim injury be added only when the defendant is convicted of an offense ... which includes physical impact or contact." The language of the rule is unambiguous and therefore must be construed according to its plain meaning. Florida courts have consistently carried out the expressed purpose of the rule by requiring that points for victim injury may only be included in computing a defendant's scoresheet if it is a statutory element of the convicted offense. See Hamlin v. State, 528 So.2d 1329 (Fla. 5th DCA 1988); Russell v. State, 528 So.2d 522 (Fla. 2d DCA 1988); Baker v. State, 526 So.2d 202 (Fla. 4th DCA 1988); Daniels v. State, 524 So.2d 1117 (Fla. 2d DCA 1988); Smith v. State, 501 So.2d 139 (Fla. 2d DCA 1987).
Since victim injury is not an element of either attempted second-degree murder or armed trespass, we hold that points for victim injury could not be included in computing Fennell's total score.
Accordingly, we quash the decision of the district court of appeal and remand for further proceedings consistent with this opinion.
It is so ordered.
EHRLICH, C.J., and SHAW, BARKETT and GRIMES, JJ., concur.
OVERTON and McDONALD, JJ., dissent.
NOTES
[1] As the district court noted, this requirement was subsequently eliminated on July 1, 1987. See Florida Rules of Criminal Procedure Re: Sentencing Guidelines (Rules 3.701 and 3.988), 509 So.2d 1088 (Fla. 1987). However, because the instant offense occurred before that date, the amendment eliminating the requirement is not applicable. Miller v. Florida, 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987). The applicable version of rule 3.701(d)(7) states that "[v]ictim injury shall be scored if it is an element of any offenses at conviction." The Florida Bar Re: Rules of Criminal Procedure (Sentencing Guidelines, 3.701, 3.988), 482 So.2d 311, 314 (Fla. 1985).