PER CURIAM.
As conceded by the state, the sentence should be reversed and remanded for a new sentencing hearing at which the state, if it wishes to pursue the matter, will be required to produce evidence corroborating the alleged 1970 felony conviction. The objections voiced by counsel at the sentencing hearing were sufficient to challenge the prior conviction. Smalley v. State, 500 So.2d 318 (Fla. 1st DCA 1986). If appellant’s recommended sentence range is reduced to the next lowest cell by removal of this prior conviction, the trial court shall not be precluded from considering an upward departure. Roberts v. State, 547. So.2d 129 (Fla.1989).
We have examined and find meritless the other issue raised by the appellant.
Accordingly, the judgment is affirmed and the sentence is reversed and remanded for resentencing.
BOOTH, THOMPSON and NIMMONS, JJ., concur.