ON MOTION FOR REHEARING
PER CURIAM.
We grant appellant’s motion for rehearing for the purpose of withdrawing our opinion of April 10, 1990, and substitute in its place this corrected opinion. The substantive issues raised in appellant’s motion are without merit.
Appellant raises three issues in this appeal of judgments of conviction and sentences for lewd and lascivious assault, racketeering, manufacturing, transporting and selling obscene materials, and other offenses. We reverse in part and affirm in part.
This court reversed the sentence initially imposed because the trial court erred in failing to grant the appellant’s motion for recusal. Haggerty v. State, 531 So.2d 364 (Fla. 1st DCA 1988). Appellant was resentenced upon remand by a trial judge who did not preside over appellant’s trial. Appellant argues that the trial court erred when it imposed sentence following remand without having read the entire trial transcript. This argument is without merit. In Castor v. State, 351 So.2d 375 (Fla. 1st DCA 1977), this court held that a trial court had complied with rule 3.700(c), Florida Rules Criminal Procedure, by taking into consideration only the jury’s verdict of guilt, a presentence investigation report, and a prosecutor’s supplemental description of the offense.
The appellant argues that the instant case is distinguishable from Castor in that the appellant took exception to several of the representations made by the prosecutor at the sentencing hearing. Specifically, the appellant took issue with comments made by the prosecutor that the appellant had had contacts with magazines dealing with obscene material throughout the United States and foreign countries. The appellant argued that there was no evidence produced at trial showing the appellant had contacts with magazines published in foreign countries. The sentencing court indicated that if appellant had contacts with foreign countries, such a fact would not be material in rendering his sentence. Therefore, any error was harmless.
Appellant also argues that the prosecutor erroneously represented to the sentencing court that it was testified at the initial sentencing hearing that the appellant was given an opportunity to cooperate with the state, but that appellant declined that opportunity. Appellant argues that no such testimony was in fact produced at the initial sentencing hearing. Our reading of the transcript of the sentencing hearing following remand shows that this comment by the prosecutor came in response to the appellant’s assertion that neither the prosecutor nor the investigating officer had ever discussed the case with him. The prosecutor stated in response that the appellant was lying in that the appellant was given an opportunity to cooperate in a reverse sting operation. While appellant is correct that no such offer of cooperation was established by testimony at the initial sentencing proceeding, we do not view this as precluding the prosecutor from advising the court of facts within his knowledge which refute representations made to the court by appellant. The appellant invited comment on this issue, which we do not *827 view as demonstrating a necessity for the trial court to review the transcript of the prior proceeding. In any event, any error would be harmless as the trial court imposed a guidelines sentence.
The appellant further argues that Castor is not applicable in this case because the presentence investigation report filed in the instant case contains language to which the appellant took exception. The original trial judge struck portions of the PSI in which the investigating officer indicated that the appellant was, in his opinion, “a pedophile.” Appellant argues that there is no evidence that the sentencing court similarly disregarded the officer’s remarks. However, appellant fails to provide this court with an explanation as to why the trial court was required to ignore comments made in the PSI by the investigating officer. Furthermore, there is no evidence that this comment proved prejudicial to the appellant as the appellant was given a sentence within the recommended guidelines range, as noted above.
The appellant also argues on appeal that the trial court erred in scoring victim injury with regard to count 37 of the second amended information which alleged that the appellant unlawfully solicited a thirteen-year-old to engage in oral penetration on another while the appellant was in a position of custodial authority in violation of section 794.041(2)(b). Under Fennell v. State, 544 So.2d 1017 (Fla.1979), the guidelines applicable in 1986, when the offenses were committed, provide that victim injury can be scored only where victim injury is a statutory element of the convicted offense. Solicitation of sexual activity with a child as proscribed by 794.041(1), (2)(a) does not provide that penetration or victim injury is a necessary element of the crime. The state concedes that the scoring of 40 points for victim injury on count 37 was erroneous, and recommends the case be remanded for correction of the score-sheet.
Lastly, appellant argues that the sentencing court erred in assessing points for victim injury with respect to counts 32, 33 and 34 of the second amended information. Each of these counts alleged that the appellant “did knowingly and unlawfully handle, fondle or make assault upon a child, to wit: ... then age thirteen years, in a lewd and lascivious or indecent manner, to wit, ... in violation of section 800.-04, Florida Statutes.” Count 32 charged that the appellant made assault in a lewd and lascivious or indecent manner by anal penetration. Counts 33 and 34 charged that the appellant made an assault in a lewd and lascivious or indecent manner by oral penetration. The sentencing court approved a scoresheet assessing 40 points for victim injury for each count with the apparent assumption that the appellant was charged with violation of section 800.04(2).
Section 800.04, Florida Statutes (1985), provides that any person who: “(1) Handles, fondles or makes an assault upon any child under the age 16 years in a lewd, lascivious, or indecent manner ...,” or “(2) Commits an act defined as sexual battery under section 794.011(l)(h) upon any child under the age of 16 years ...,” without committing the crime of sexual battery is guilty of a felony in the second degree. Both parties to this appeal agree that if the appellant was charged and convicted of violating subsection (1), a scoring of 40 points for victim injury for each count was erroneous under Fennell v. State, supra.
We find that because the language of the information is susceptible to interpretation as charging an offense under either subsection, we defer to the circuit court’s implicit determination that points for victim injury were properly assessed under subsection (2).
Accordingly, the sentence is vacated and the cause is remanded for resentencing on a scoresheet which has been corrected to total 545 points. In all other respects, the judgments of conviction and sentences are affirmed.
REVERSED in part; AFFIRMED in part; and REMANDED.
SMITH, WENTWORTH and JOANOS, JJ., concur.