LEVY, Judge.
Exdol Henry Mignotte, the defendant, appeals the denial of his motion for mistrial in a murder case claiming that the State prosecutor attempted to inflame the jury and denigrate the insanity defense during closing argument by discussing “Ted Bun-dy’s” crimes with the jury. We affirm based upon our finding that, in the context of the entire trial and the State’s theory of the case, the limited reference to Ted Bun-dy during closing argument was harmless and nonprejudicial, and thus the trial court properly denied the defendant’s motion for mistrial.
The defendant was charged with first degree murder for stabbing his ex-girlfriend. Prior to trial, the defendant was declared incompetent and sent to a state hospital. The defendant filed a notice of intent to rely upon the insanity defense. Eventually the defendant was adjudged competent to stand trial, and the only issue to be decided by the jury was whether the defendant was legally sane at the time of the murder.
In support of the defendant’s argument that he was legally insane at the time of the crime, the defense presented the expert testimony of several doctors who had diagnosed the defendant as schizophrenic. One court appointed medical expert testified that persons who commit crimes are mentally ill, thereby suggesting that they are not responsible for their crimes. The State argued, in response, that the medical findings of schizophrenia or mental illness did not preclude a legal finding of sanity at the time of the murder. Specifically, the prose *810 cutor stated to the jury during closing argument that:
The issue in this trial is not whether the defendant was mentally ill and the issue in this trial is not, most respectfully, whether the defendant is normal and whether his act in killing Helen San Juan was a normal act that you or I would commit. That’s not the issue.
It’s clear. It is beyond imagination that the defendant’s act in killing this woman was not a normal act, was not appropriate. But you know, Dr. Gilbert, one of the doctors who testified for the defendant_ Dr. Gilbert said ... if you want to be purist, anyone who commits a crime is sick and you know what? He’s right about that. To a certain extent he’s right about that. But does that mean that the people who commit armed robberies are not responsible for their crimes because there’s something about them that’s sick, not normal or else they wouldn’t do it? Does that mean that the person who beats his wife is not responsible for his behavior because there’s something sick about it and it’s not normal? Does that mean that Ted Bundy who systematically murdered woman after woman, after woman, after woman is not responsible for his behavior even though he obviously is not normal and his behavior was not normal?
Defense counsel objected to the State’s reference to Ted Bundy, the trial court sustained the objection, and the State went on to argue that:
Mental illness is a psychological, psychiatric medical concept.... Insanity is purely a legal concept. There is an interplay between these two concepts.... But they are not one and the same thing.... [Y]ou will remember that even the doctors ... said at some point in their testimony that a person can be mentally ill, not normal, ... and still yet be sane in the eyes of the law.
At the conclusion of the State’s closing argument, defense counsel renewed her objection to the State’s reference to Ted Bun-dy, and moved for a mistrial. The trial court denied the defendant’s motion for mistrial and the case proceeded to the jury. The jury returned a verdict of guilty, and the defendant was sentenced to life imprisonment with a mandatory twenty five year sentence.
The defendant’s first argument on appeal is that the trial court erred in denying the motion for mistrial because the prosecutor’s statement referencing a notorious criminal was totally irrelevant and meant solely to inflame the passions of the jury. A review of the record in context, reveals that the reference in the present case did not constitute error. The prosecutor’s comment did not compare the defendant to Ted Bundy, and was made in response to the testimony of a defense expert, who had testified that persons who commit crimes have a sickness of some sort suggesting that such persons are therefore not responsible for their crimes. In commenting on this testimony, the prosecutor was attempting to show the folly of such an argument if taken to its natural extreme. In light of the evidence in this case that the defendant was legally sane at the time of the murder, and the fact that the comment was an isolated remark made in direct response to the defense expert’s testimony, we find the comment was not prejudicial and, thus, does not constitute reversible error. See United States v. Thiel, 619 F.2d 778 (8th Cir.1980). Cf. United States v. Phillips, 476 F.2d 538 (D.C.Cir. 1973) (prosecutor’s comments on three occasions which sought to compare the defendant’s crime with crimes of three other infamous criminals held to be highly prejudicial requiring reversal).
The defendant’s second argument on appeal is that the prosecutor’s comments in closing argument impermissibly denigrated the insanity defense in a manner prohibited by this Court’s decision in Rosso v. State, 505 So.2d 611 (Fla. 3d DCA 1987). We disagree. In Rosso, the prosecutor directly attacked the insanity defense as a legal defense stating:
I have 10 minutes to talk to you about the defense of insanity. The defense by which a person comes into Court and says, “I murdered a 15 year old girl and *811 almost murdered my best friend and blew her eye away, and I get to walk. I get to get off. I am not legally guilty. I am not responsible and you cannot hold me responsible.”
Rosso v. State, 505 So.2d at 612. Here, the prosecutor’s comments did not attack the defense of insanity as a legal defense. To the contrary, a careful review of the record reveals that the State went to great lengths to explain the defense in general, while emphasizing to the jury that mental illness does not always rise to the level of legal insanity, and arguing that, in this case, the defense was inapplicable. Thus, taken in context, we find that the prosecutor’s remarks did not constitute an impermissible denigration of the insanity defense. See Blaylock v. State, 537 So.2d 1103 (Fla. 3d DCA 1988), review denied, 547 So.2d 1209 (Fla.1989).
Moreover, because we find that there was sufficient evidence to support the jury verdict, it cannot be said that the remarks might have influenced the jury to reach a more severe verdict than it otherwise might have done, and thus the remarks were not sufficient to deprive the defendant of a fair trial. See Darden v. State, 329 So.2d 287 (Fla.1976), cert, dismissed, 430 U.S. 704, 97 S.Ct. 1671, 51 L.Ed.2d 751 (1977). C.ertainly the remark, when taken in context and in light of the evidence, “was not of such a nature so as to poison the minds of the jurors or to prejudice them so that a fair and impartial verdict could not be rendered.” Oliva v. State, 346 So.2d 1066, 1068-69 (Fla. 3d DCA 1977), cert. denied, 434 U.S. 1010, 98 S.Ct. 719, 54 L.Ed.2d 752 (1978). See also, Blair v. State, 406 So.2d 1103 (Fla.1981); Johnsen v. State, 332 So.2d 69 (Fla.1976); Spencer v. State, 133 So.2d 729 (Fla.1961), cert. denied, 369 U.S. 880, 82 S.Ct. 1155, 8 L.Ed.2d 283 (1962).
Affirmed.