COPE, Judge.
dementa Johnson appeals the inclusion of severe victim injury points in the calculation of his sentence. We affirm.
Johnson and co-defendant Vernon Green were charged with armed robbery, burglary with an assault, attempted first degree murder and aggravated battery in connection with an incident in which Johnson, Green and another went to the victim’s house under the pretense of wanting to buy clothing from him. Once they were in the victim’s house, however, Green first struck the victim in the head with a firearm and then held the firearm on the victim while Johnson and the third person took the victim’s property out of the house and placed it in a car the parties had been driving. Johnson and the third person made several trips in and out of the house while the victim was being held at gunpoint by Green. While the defendant and the other person were making their final *152 trip to the car, Green shot the victim five times.[1]
The jury convicted Johnson of armed robbery, burglary with an assault and aggravated battery, but acquitted him of attempted murder. At sentencing the trial court added forty points to the defendant’s sentencing guideline scoresheet for severe victim injury. Johnson was ultimately sentenced to sixteen years in state prison.
Johnson argues that because he was acquitted of the attempted murder charge it was improper for the trial court to assess 40 points for severe victim injury because the only serious injury sustained by the victim occurred during the shooting and those injuries could only have been related to the attempted murder charge. The State argues that the shooting occurred during the course of the armed robbery. Since Johnson was convicted of the armed robbery, the State contends that the victim injury points were properly assessed against Johnson, even though he was acquitted of attempted murder.
Under Florida Rule of Criminal Procedure 3.703(d)(9), ‘“[vjictim injury’ shall not be scored for an offense for which the offender has not been convicted.” Under the sentencing guidelines, “‘[vjictim injury’ means the physical injury or death suffered by a person as a direct result of the primary offense, or any offense other than the primary offense, for which an offender is convicted and which is pending before the court for sentencing at the time of the primary offense.” § 921.0011(7), Fla. Stat. (1995).
Defendant relies on Morgan v. State, 534 So.2d 1239, 1240 (Fla. 5th DCA 1988), for the proposition that points for severe victim injury should not have been added to the score-sheet. In that case, Morgan had been stopped for speeding and appeared to be drunk. He punched the officer in the chest when the officer sought to arrest him. This blow caused no injury. While the officer was handcuffing Morgan, Morgan’s passenger got out of the car and hit the officer over the head with a flashlight, causing severe injury. As there was no evidence that Morgan had spoken to the passenger or planned the passenger’s actions, the trial court granted Morgan’s motion for judgment of acquittal on the charge of aggravated battery. Morgan was found guilty of simple battery. The Fifth District held that scoresheet points should not have been assessed for the severe victim injury caused by the passenger’s aggravated battery of the officer because Morgan was acquitted of that charge. Under the facts presented, none of the passenger’s conduct played a part in Morgan’s simple battery.
Here, by contrast, all defendants actively participated in the armed robbery, and the shooting occurred during the course of the armed robbery.[2] See § 812.13(3), Fla. Stat. (1995). Thus, the victim’s injuries may properly be scored in relation to the armed robbery. The same act — the shooting — was part of two crimes and defendant was acquitted of only one of them. That being so, the trial court properly assessed the victim injury points.
Affirmed.

. The date of the crimes was December 19, 1995.

. Defendant claims that the State waived this argument at trial. In closing argument the State said that the robbery was over once the victim's property had been taken, and the shooting which followed was done in an effort to kill the victim and eliminate him as a witness. Defendant contends that the State thereby conceded that the shooting was independent of the robbery. We disagree. The thrust of the State’s argument was that the shooting was done in furtherance of the robbery, in order to eliminate the victim as a witness. When read in context, the State was arguing that the three robbers could have ceased their actions after the property was taken, but then took the further step of shooting the victim in an effort to silence him as a witness.