PER CURIAM.
Affirmed. As to his conviction, appellant makes two claims. First, he claims that the court erred in failing to strike the entire jury pool for failure to include any African-Americans. This error was not preserved, and there was no attempt to show that there was a systematic exclusion of African-Americans from the jury-selection process. See Gordon v. State, 704 So.2d 107, 111 (Fla.1997). See also Taylor v. Louisiana, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975). He also challenges the admission of his confession on the grounds that he was in custody and that the state failed to show a voluntary waiver of his rights. Whether he was “in custody” or not, the evidence taken as a whole shows that Miranda[1] warnings were given, and he voluntarily waived his rights. See Padmore v. State, 743 So.2d 1203 (Fla. 4th DCA 1999).
With respect to his sentence, we find no error in the assessment of victim injury points on the scoresheet. See Johnson v. State, 700 So.2d 151 (Fla. 3d DCA 1997); Burns v. State, 584 So.2d 1073, 1076-77 (Fla. 4th DCA 1991). We also affirm the departure sentence imposed based upon the ground of escalating pattern of criminal activity. The defendant did not object on this ground, appellate counsel did not move to correct the sentence pursuant to rule 9.140(d) of the Florida Rules of Appellate Procedure, and this point is not preserved for appeal. Defense counsel’s only objection was a general one that the state needed to offer proof of the prior conviction. The remaining grounds raised are insufficient to support a departure sentence. See Connelly v. State, 704 So.2d 590 (Fla. 4th DCA 1997)(actions of a co-defendant could not be imputed to defendant for purposes of a finding of excessive brutality as grounds for departure); State v. Sachs, 526 So.2d 48, 51 n. 1 (Fla.1988)(upward departure cannot be based on co-defendant’s greater sentence).
WARNER, C.J., DELL and HAZOURI, JJ., concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).