SWANSON, J.
In this appeal from his conviction for first-degree premeditated murder, appellant claims the trial court (1) abused its discretion by denying appellant’s motion for mistrial after sustaining a defense objection to the prosecutor’s reference to Jeffrey Dahmer during voir dire and giving a curative instruction; (2) erred in denying appellant’s motion for judgment of acquittal on the ground the state failed to prove premeditation; and (3) committed fundamental error by failing to give a special jury instruction on “instantaneous intent to kill.” We affirm as to all three claims and write only to explain our decision to affirm the denial of appellant’s motion for mistrial.
During jury selection, the prosecutor informed the potential jurors that appellant’s sanity would be an issue at trial and asked if they understood that a mental defect alone did not satisfy the legal definition of insanity if the defendant knew the consequences of his actions or knew what he was doing was wrong. As part of this inquiry, the prosecutor commented:
*175 You know, my wife, she always reads crime novels and stuff and it drives me crazy because she always asks questions. And she knows what I do for a living so she thinks I always have the answer. Sometimes I don’t, but I can just give her a guess. But she was asking me, all right — and it was some serial killer. I want to say it was Jeffrey Dahmer, but I don’t know who, that kidnapped a bunch of people and cut them up and even ate some of them, I think.
Defense counsel objected and moved for a mistrial on the ground the prosecutor’s reference to a notorious mass murderer was improper, inflammatory, and tainted the jury. The prosecutor responded that he referenced Jeffrey Dahmer to make the point that “[i]f somebody does something very crazy and very unusual, they can still be found guilty.” Concluding the reference was inflammatory and brought up associations that had no place in appellant’s trial, the trial court sustained the objection, denied the motion for mistrial, and offered to give a curative instruction. At defense counsel’s request, the trial court instructed the jury to disregard the prosecutor’s reference to Jeffrey Dahmer. At the conclusion of voir dire, six jurors and two alternates were accepted and sworn without objection. Appellant did not renew the motion for mistrial until the conclusion of the state’s case-in-chief and, again, at the conclusion of all the evidence.
It is within the trial court’s discretion to determine whether remarks made by the prosecutor during voir dire are prejudicial, and the trial court’s denial of a motion for mistrial or a motion to strike the venire will not be disturbed on appeal absent an abuse of that discretion. Smelley v. State, 500 So.2d 318, 321 (Fla. 1st DCA 1986). Although appellant objected to the prosecutor’s voir dire remarks and moved for a mistrial, appellant failed to preserve his claim regarding the denial of his motion for mistrial because he accepted the jury without objection and failed to renew the motion for mistrial before the jury was sworn. See Bell v. State, 108 So.3d 639, 651 (Fla.2013) (holding that defendant’s challenge to the prosecutor’s voir dire comments was not preserved for appeal where defendant objected to the comments, but failed to renew his objection prior to the jury being sworn). Appellant’s renewal of the motion for mistrial after the state had presented its case-in-chief was untimely. Even if appellant’s claim was preserved, the trial court did not abuse its discretion by denying the motion for mistrial because the prosecutor’s comment was brief and isolated and the trial court immediately sustained appellant’s objection and gave a curative instruction. See Mignotte v. State, 576 So.2d 809, 810 (Fla. 3d DCA 1991) (affirming the trial court’s denial of murder defendant’s motion for mistrial based on the prosecutor’s reference to Ted Bundy during closing argument on the issue of whether defendant was legally sane at the time of the murder).
AFFIRMED.
VAN NORTWICK and CLARK, JJ, concur.