501 So.2d 81 (1987)
David James CAMP, Appellant,
v.
STATE of Florida, Appellee.
No. BI-445.
District Court of Appeal of Florida, First District.
January 15, 1987.
*82 Ann Cocheu, Asst. Public Defender, Tallahassee, for appellant.
Kurt L. Barch, Asst. Atty. Gen., Tallahassee, for appellee.
THOMPSON, Judge.
This is an appeal of sentences imposed pursuant to appellant's entry of pleas of nolo contendere to third degree felony charges involving burglary of a conveyance and grand theft. Appellant's principal contention on appeal is that the trial court erred in failing to require the state to substantiate the existence of prior convictions which the appellant denied having but which were nonetheless considered and counted in preparing the appellant's sentencing guidelines scoresheet. The appellant further contends that his sentences must be remanded because the written sentencing documents fail to conform to the court's oral pronouncement of sentence, and because the sentencing documents fail to grant jail time credit. We agree with all three of appellant's contentions, and reverse and remand for resentencing.
Upon entry of appellant's pleas, the trial court ordered preparation of a presentence investigation report (PSI) and a sentencing guidelines scoresheet. Both the PSI and the scoresheet indicated that appellant had seven prior felony convictions, including five prior category 5 (burglary) convictions. The PSI was inconsistent concerning appellant's parole status, indicating on its facing sheet that appellant was not on parole at the time of commission of the instant crimes, while indicating in the body of the report that he was. After reviewing the PSI and the scoresheet the appellant sent a handwritten letter to the trial judge wherein he pointed out numerous inconsequential errors in the report, but also specifically asserted that he had only three prior felony convictions (two burglaries and a grand theft) and that he was not on parole at the time of commission of the instant offenses because his previous parole had been successfully completed and had expired. The judge then forwarded a copy of appellant's letter to the Florida Department of Corrections employee who had prepared the PSI and the guidelines scoresheet. The PSI/scoresheet preparer thereafter wrote back to the trial judge admitting and apologizing for the inconsequential mistakes in the PSI but asserting further that:
As for all of the other mistakes that were cited, there is no need to change them because they were not mistakes. This officer verified again and made sure *83 that these were true statements and calculations.
At the commencement of the sentencing hearing the judge announced that he had received the letter from the PSI/scoresheet preparer and mentioned that certain minor corrections to the scoresheet had been made, reducing appellant's guidelines score from 124 points to 122 points. He then immediately announced that he was prepared to sentence appellant, and asked the pro forma question whether appellant had "anything to say why the judgment of the court and sentence of the law should not now be pronounced upon you?" We decline to accept the state's suggestion that the appellant's negative answer to this pro forma question be viewed as an abandonment or implicit withdrawal of his prior written objection to the PSI and scoresheet, constituting a waiver of said objections. Upon receiving appellant's specific written objections to hearsay statements contained in the PSI, the trial judge should have directed the state to produce corroborating evidence concerning appellant's prior convictions and his parole status at the time of commission of the instant offenses. Eutsey v. State, 383 So.2d 219 (Fla. 1980); Stacey v. State, 483 So.2d 542 (Fla. 1st DCA 1986); Davis v. State, 463 So.2d 398 (Fla. 1st DCA 1985). A valid hearsay objection cannot be overcome by the expedient of having the proponent of the hearsay (in this case, the PSI/scoresheet preparer) simply repeat his hearsay evidence and affirm that he believes it to be correct. The assertions in the PSI/scoresheet preparer's letter to the court that "the other mistakes ... cited ... were not mistakes ...," and that he had "verified again" and found true the original statements and calculations of the PSI and scoresheet, were rank hearsay, of no more value than the original hearsay statements included in the PSI. Upon resentencing, the trial judge shall require the state to adduce corroborating evidence of the four disputed prior burglary convictions and of appellant's parole status at the time of commission of the instant offenses. Should the state fail to adduce such corroborating evidence, the points scored on the basis of the disputed convictions and parole status shall be deleted from the scoresheet.
The transcript of the sentencing hearing reveals that the court's oral pronouncement of sentence was of consecutive three year terms for each count (for a total of six years), and that the judge expressly directed that appellant should receive jail time credit. According to the transcript, a brief colloquy then ensued during which the defendant, the defendant's attorney, and the court all indicated that the defendant was to receive credit for 21 days spent in jail. In contrast, the court minutes indicate that the defendant was to be given credit for 212 days in jail, which figure appears to be more in accord with other record evidence showing that the defendant was arrested on January 24, 1985 and did not make bail until August 22, 1985, a period of some 211 days.
The appellant's written sentences are not in accord with the oral pronouncements of the court as reported in the transcript in that instead of imposing three year sentences to be served consecutively, they impose six year sentences on each count, to be served concurrently. Additionally, the written sentences fail to award credit for any jail time served prior to sentencing. The written sentences not only fail to conform to the trial court's oral pronouncement of sentence, they are facially illegal in that they impose six year sentences for crimes carrying a maximum penalty of only five years. At the resentencing, the trial court shall correct these errors in the sentencing documents and shall make a specific award of credit for jail time served. In the event the parties cannot agree as to the proper amount of jail time credit due, a hearing shall be held on this question as well. Van Ellis v. State, 455 So.2d 1065 (Fla. 1st DCA) Pet. for rev. dism., 459 So.2d 1041 (Fla. 1984).
REVERSED and REMANDED for resentencing.
*84 JOANOS, J., concurs.
NIMMONS, J., concurs in part and dissents in part with written opinion.
NIMMONS, Judge, concurring in part and dissenting in part.
I respectfully dissent from that part of the Court's opinion which holds that the trial court committed error in not requiring the state to present corroborating evidence regarding the defendant's criminal history.
It is true that the defendant apparently had sent the trial judge a handwritten letter purporting to take issue with some of the convictions listed in the presentence investigation (p.s.i.) report. However, I am of the view that the failure of the defense to raise objection at the sentencing hearing to the alleged errors in the p.s.i. report constituted a waiver of the defendant's right to complain of the state's failure to present corroborating evidence at the sentencing hearing.
I believe that the Court's opinion will make it too easy for a defendant  who, as in this case, is represented by counsel  to informally challenge, outside any duly constituted hearing or proceeding, various portions of the p.s.i. and not be expected to raise the objection or challenge at the sentencing hearing when afforded the opportunity to do so.
I see this as another step towards inviting more expansive and time consuming sentencing proceedings without the defendant's being required to establish an appropriate predicate therefor.
I agree with the Court's opinion regarding the remaining issues.