518 So.2d 408 (1988)
Jay Earl L'HOMME, Appellant,
v.
STATE of Florida, Appellee.
No. BS-5.
District Court of Appeal of Florida, First District.
January 5, 1988.
*409 Michael E. Allen, Public Defender, and David A. Davis, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and John M. Koenig, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
This cause is before us on appeal of the trial court's denial of appellant's motion to modify sentence. For the reasons set forth below, we reverse and remand for resentencing.
Appellant was arrested and charged with fraudulent use of a credit card in September 1984. In December 1984, he was arrested for burglary after police discovered the credit card had been stolen from a residence. Because appellant did not appear for his trial in August 1985, he was charged with that as well when he was ultimately apprehended in May 1986. Appellant pled guilty to all three offenses.
Before sentencing, a presentence investigation report (PSI) was prepared, listing appellant's lengthy criminal record which included convictions from California and Florida. Based on what the court believed were scoreable prior convictions, a guidelines scoresheet was prepared with a total of 76 points. This gave appellant a presumptive sentence of three years. However, appellant disputed the truthfulness of several entries on the PSI used to compute the scoresheet. By appellant's calculation, he had fewer points and was eligible for a sentence of either community control or up to 30 months' imprisonment. Appellant's specific complaints were that a California arrest in 1974, listed on the scoresheet as a felony burglary, was actually disposed of as a misdemeanor trespass. Appellant also disagreed with five PSI report entries from 1968 and 1969, which the trial court scored as two convictions. Appellant argued that all were the same conviction. Specifically, the PSI showed arrests in September, October, and December 1968 for "possession of dangerous drugs." A fourth entry from October 1969 showed another arrest for the same offense. The fifth entry, in December 1969, showed a violation of parole. Appellant argued that the October and December 1968 entries were administrative notations made when he was taken to court and committed to the California Youth Authority but that they were not new arrests. Appellant further argued that the October 1969 entry was only made to indicate his parole on that date. The trial court scored the September and December 1968 arrests as individual misdemeanors.
A timely motion to modify sentence was made and denied, despite appellant's counsel having contacted appellant's California probation officer, who largely confirmed appellant's story. Although the motion included the probation officer's name and California telephone numbers, the State had not attempted to confirm the information by the time of the hearing on the motion to modify sentence.
If a defendant challenges the truthfulness of prior offenses listed on a *410 guidelines scoresheet and the only evidence of those offenses is hearsay, the trial court must require the State to provide corroboration of the past convictions. Smelley v. State, 500 So.2d 318, 323 (Fla. 1st DCA 1986); Davis v. State, 463 So.2d 398 (Fla. 1st DCA 1985). Although in this case the State presented testimony from Florida Probation and Parole Officer Kenneth Cherry, who indicated that he had received copies of the arrest reports from California and that the guidelines scoresheet faithfully reproduced the contents of those reports, the information to which Cherry was referring was simply a list of dates and offenses without further information refuting the defendant's version of events. In other words, this was actually nothing more than repeating the challenged hearsay and was clearly insufficient under Camp v. State, 501 So.2d 81, 83 (Fla. 1st DCA 1987). Consequently, the State has not met its burden of corroborating challenged prior convictions in this case.
Accordingly, we reverse and remand to the trial court with instructions to give the State an additional opportunity to corroborate the disputed convictions. If the State is unable to do this, the points scored on the basis of the disputed convictions should be deleted from the scoresheet. See Camp, supra at 83.
BOOTH, THOMPSON and WIGGINTON, JJ., concur.