PER CURIAM.
Appellant was convicted of aggravated battery, a second degree felony, and sentenced to the maximum of fifteen years on a sentencing guideline scoresheet with a recommended range of twelve to seventeen years. Only the sentence is appealed.
At the sentencing hearing appellant disputed the accuracy of the scoresheet, and in particular the prior record showing two prior convictions for first degree felonies, one of which was punishable by life. Despite appellant’s contention, the court did not require the state to provide corroboration of the prior convictions, but relied upon an F.B.I. rap sheet which bore the legend, “Since neither fingerprints nor an identifying number which is indexed in our files accompanied your request, F.B.I. cannot guarantee in any manner that this material concerns the individual in whom you are interested.” We vacate the sentence and remand to the trial court for imposition of a new sentence after a further sentencing hearing at which the state shall be required to produce proper corroborating evidence as to the disputed prior convictions. L’Homme v. State, 518 So.2d 408 (Fla. 1st DCA 1988); Camp v. State, 501 So.2d 81 (Fla. 1st DCA 1987); Smelley v. State, 500 So.2d 318 (Fla. 1st DCA 1986).
Sentence vacated and cause remanded for resentencing.
ANSTEAD and WALDEN, JJ., and OWEN, WILLIAM C., Jr., (Retired), Associate Judge, concur.