610 So.2d 514 (1992)
Perves BANKS, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1967.
District Court of Appeal of Florida, First District.
November 18, 1992.
*515 Nancy A. Daniels, Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Charles T. Faircloth, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
WOLF, Judge.
Perves Banks appeals from a final judgment and sentence following a jury trial in which appellant was found guilty of battery, sexual battery, and two counts of perjury. Appellant raises three issues on appeal: (1) Whether the trial court erred in refusing to sever appellant's perjury charges from the original charges of sexual battery; (2) whether the trial court erred in denying appellant's motion for judgment of acquittal on the two perjury counts because the state only showed solicitation to commit perjury; and (3) whether the trial court erred in including disputed misdemeanor convictions on appellant's sentencing guidelines scoresheet. We find that no reversible error occurred, and affirm.
Appellant was charged with two counts of sexual battery occurring on the evening of December 11, 1989. The state later added two counts of perjury to the information. Appellant moved for severance of the perjury counts, but the trial court denied the appellant's motion. The perjury charges against appellant were based on the principal theory, not that appellant had committed perjury himself, but that he had helped others commit it.
The victim testified that on December 11, 1989, she worked a 4:00 p.m. to midnight shift as an operator at American Transtech. When she arrived home at her apartment, she went to sleep, but was awakened by knocking at her front door around 1:15 a.m. She got up, opened the door, and saw Perves Banks, a man she had worked with the previous summer at Transtech. She let Banks in to use her phone to try to get a ride. The victim testified that they talked for 20-30 minutes, smoked cigarettes, and when it was apparent the appellant was not going to reach anyone on the phone, she offered to help get his car started or to take him home.
The victim stated that as they began to leave the apartment, appellant attacked her and committed sexual battery. When appellant was arrested, he denied the sexual battery charges.
During appellant's trial, the state called two witnesses who both testified that appellant had asked them to testify to an untruthful alibi for him. These witnesses also testified that appellant had sent them a written question-and-answer script to be utilized during their discovery depositions. Appellant also called them to go over their depositions. Both witnesses testified that they subsequently lied at their discovery depositions.
At the close of the state's case, appellant's counsel moved for a judgment of acquittal on the perjury counts, arguing that the most that had been proven was solicitation to commit perjury. The motion was denied. The jury found the appellant guilty of one count of battery, one count of sexual battery, and two counts of perjury. At sentencing, defense counsel objected to the state's use of three misdemeanor offenses as prior convictions on appellant's guidelines scoresheet because the record of convictions contained no fingerprints. Specifically, the following dialogue took place at the first sentencing hearing:
THE COURT: Mr. Gazaleh [defense counsel], have you had an opportunity to examine the record jacket and examine these judgments and convictions on the misdemeanor charges?
MR. GAZALEH: Yes, sir, and I still object.
THE COURT: What objection do you have to those? Is there any doubt in your mind this man is one and the same?
MR. GAZALEH: There is some doubt in my mind, and regardless whether the doubt is in my mind or not, the state has *516 the burden of proving at least by a preponderance of evidence the prior conviction.
The sentencing hearing was continued so the state could obtain certified copies of the arrest reports, booking forms, and conviction forms as to the prior misdemeanor arrests. These documents were introduced at the subsequent sentencing hearing. The documents contained a date of birth, physical description, and social security number that were all consistent with appellant. While the booking reports contained fingerprints, it does not appear from the record that any evidence was presented concerning whether the fingerprints on the booking forms matched those of the appellant. At this hearing, the judge asked the appellant whether he had an opportunity to review the documents being admitted into evidence. Defense counsel replied as follows:
Your honor. I would object to their admission. At this point Mr. Barry still hasn't proven the relevance to sentencing my client. There is nothing, other than the name of the defendant in this case, to indicate those documents belong to this Perves Dale Banks.
The court then asked whether counsel doubted the correctness of these records that are attached. Defense counsel responded as follows:
No sir, I don't doubt the correctness. I doubt the relevance because there is no proof that those records address this person named Perves Dale Banks.
The court overruled the objection, admitted the evidence of the prior misdemeanor convictions, and relied on those convictions in calculating appellant's guidelines scoresheet.
Appellant's first argument is that the trial court erred in refusing to sever appellant's perjury charges from the original charges of sexual battery. Our standard for reviewing the trial court's decision is whether the trial court abused its discretion. Crossley v. State, 596 So.2d 447 (Fla. 1992). If the crimes are clearly connected in an episodic sense, it is not error to refuse to sever the charges. Solomon v. State, 596 So.2d 789 (Fla. 3d DCA 1992). In this case, appellant committed the perjury in an attempt to avoid prosecution and punishment for sexual battery. The perjury is, therefore, connected and relevant to the charge of sexual battery. Manuel v. State, 524 So.2d 734 (Fla. 1st DCA 1988). We find no error in refusing to sever the trial of the underlying substantive crime from the perjury counts where the false declarations were procured by appellant in order to avoid prosecution for the underlying offense. United States v. Potamitis, 739 F.2d 784 (2d Cir.1984), cert. denied, 469 U.S. 934, 105 S.Ct. 332, 83 L.Ed.2d 269 (1984).
Appellant's next point concerns the sufficiency of the evidence to support his convictions for perjury. At trial, the state proceeded on a principal theory, alleging that appellant convinced two women to make false statements that created an alibi for him at the time of the sexual battery. The principal statute, section 777.011, Florida Statutes, reads in pertinent part as follows:
Principal in first degree.  Whoever commits any criminal offense against the state, whether felony or misdemeanor, or aids, abets, counsels, hires, or otherwise procures such offense to be committed, and such offense is committed or is attempted to be committed, is a principal in the first degree and may be charged, convicted, and punished as such, whether he is or is not constructively present at the commission of such offense.
(Emphasis added).
The perjury statute in pertinent part reads as follows:
837.02 Perjury in official proceedings.  (1) Whoever makes a false statement, which he does not believe to be true, under oath in an official proceeding in regard to any material matter shall be guilty of a felony of the third degree... .
The evidence demonstrated that appellant aided, abetted, and otherwise procured his friends to commit perjury. The appellant went as far as actually preparing a script to be utilized and coaching the witnesses as to their testimony. The evidence *517 also demonstrates not only that perjury was solicited, but that the act of perjury was actually committed at the discovery depositions. Under these circumstances, there was sufficient evidence to convict appellant as a principal to the completed perjury.
The last issue in this case concerns the sufficiency of appellant's challenge to the legitimacy of prior convictions utilized in calculating the guidelines scoresheet and the sufficiency of the evidence presented by the state of those convictions in light of appellant's objection. While the state has the burden of presenting sufficient affirmative evidence to prove prior convictions beyond a reasonable doubt, where the convictions are an element of the substantive offense the state is allowed to rely on the correctness of court documents presented at sentencing absent a sufficient challenge to the correctness of the documents at the time of sentencing. Cf. Killingsworth v. State, 584 So.2d 647 (Fla. 1st DCA 1991); Jennings v. State, 595 So.2d 251 (Fla. 1st DCA 1992).
If an accused challenges the accuracy of his prior record both on hearsay grounds and correctness of the information, the state is required to provide further corroboration. Jennings v. State, supra; Vance v. State, 545 So.2d 398 (Fla. 1st DCA 1989), rev. denied, 551 So.2d 463 (Fla. 1989). Where the objection to prior convictions on a rap sheet is predicated solely on hearsay with no dispute as to the truth, however, the state need not produce corroborating evidence. McKay v. State, 504 So.2d 1280 (Fla. 1st DCA 1986).
In most of the cases relied on by the defense for the proposition that the state must present corroborating evidence at the time of sentencing to establish the validity of the convictions, there was an affirmative representation by the defendant that he did not believe or did not remember if he was the person convicted of the offenses which were being challenged, or that the scoresheet did not accurately represent the number or type of prior convictions. See State v. Troehler, 546 So.2d 109 (Fla. 4th DCA 1989); L'Homme v. State, 518 So.2d 408 (Fla. 1st DCA 1988); Camp v. State, 501 So.2d 81 (Fla. 1st DCA 1987); Smelley v. State, 500 So.2d 318 (Fla. 1st DCA 1986); Davis v. State, 463 So.2d 398 (Fla. 1st DCA 1985). See also Baker v. State, 493 So.2d 515 (Fla. 1st DCA 1986). In the other cases proffered by the defense, the opinions indicate that appellant disputed the convictions, but it is unclear how the defendant raised the challenge. Vance v. State, supra. In many of these cases, the only evidence presented by the state was either an uncorroborated PSI, or rap sheet, or simply a prior judgment with no information tying the prior crimes to the appellant.
In the instant case, there is no affirmative representation by appellant that he had not committed the misdemeanors in question, nor was there any specific challenge to the correctness or legitimacy of the prior convictions. Under these circumstances, the evidence presented by the state (which consisted of prior certified court records and booking forms which were consistent with appellant's personal information) was sufficiently reliable to be utilized in calculating appellant's scoresheet. The judgment and sentence are affirmed.
SMITH and WIGGINTON, JJ., concur.