PER CURIAM.
Appellant pleaded nolo contendere to one count of possession of cocaine and negotiated a sentence for probation, though he and the State disagreed as to the length of the term. At his sentencing hearing, the State introduced certified copies of Georgia judgments of conviction from 1968 and 1969 for a man named Elijah Harp. Appellant denied under oath that the convictions were his, and challenged the State to prove that he was the individual named in the records. The trial court ruled that the certified copies of conviction were sufficient to meet the State’s burden, and imposed a sentence of three years probation.
On appeal appellant argues that Banks v. State, 610 So.2d 514 (Fla. 1st DCA 1992), rev. denied 618 So.2d 208 (Fla.1993) mandates reversal. In Banks this court considered a sentence that was premised on misdemeanor convictions that were proved at a sentencing hearing only by certified copies of the judgments. This Court affirmed the sentence because, unlike here, the defendant did not expressly deny that he was the defendant *378 named in the certified copies of the judgments of convictions.
We agree with appellant that, under Banks, when a defendant denies under oath that he is the person named in certified copies of judgments of conviction, the State has the burden of proving, by other corroborating evidence, that those records refer to the defendant before the Court. A certified copy of a judgment of conviction proves only what is contained within that document, and will not be sufficient to prove identity unless it includes some identifying information.
In this case the State did not meet its burden of proving that appellant was the individual named in the certified copies of the Georgia judgments of conviction. Those records contain no reliable indicia of identity, such as fingerprints or a social security number, that show it was appellant who was convicted, as opposed to another person with that name.
Thus, we reverse and vacate the sentence and remand to the trial court for a new sentencing hearing.
MINER, WOLF and DAVIS, JJ., concur.