DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MICHAEL KEVIN WOODS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-3778

[March 25, 2020]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Lawrence M. Mirman, Judge; L.T. Case No. 432017CF001085A.

Carey Haughwout, Public Defender, and Stacey Kime, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Anesha Worthy, Assistant Attorney General, West Palm Beach, for appellee.

WALSH, LISA S., Associate Judge.

Michael Kevin Woods ("Defendant") appeals his five-year prison sentence imposed following his no contest plea to theft and burglary charges. Defendant argues on appeal that the State presented insufficient proof of a prior conviction at his sentencing hearing. We hold that merely objecting to the sufficiency of proof of a prior offense on a scoresheet, rather than disputing its accuracy or truth, does not obligate the State to introduce corroborating evidence of the conviction. Moreover, although not required to do so, the State introduced competent evidence of a certified conviction corroborating the prior offense. Therefore, we affirm the trial court's sentence.

**Background**

At sentencing, the trial court reviewed a pre-sentence investigation report, Defendant's sentencing memorandum, and the sentencing scoresheet. Defendant's sentencing scoresheet listed a prior offense for burglary. The pre-sentence investigation report listed a 1984 prior

conviction for burglary and larceny for Michael Woods in "Homdel, New Jersey, Monmouth County." The State also admitted a certified prior conviction for burglary in Monmouth County, New Jersey. Defendant objected to the competency and sufficiency of proof of the prior offense but did not contest its truth. Nor did the defense present any evidence refuting the New Jersey conviction. The State pointed out that Defendant's own sentencing memorandum mentioned that he was from New Jersey. Defendant was sentenced to five years in prison, prompting this appeal.

On appeal, Defendant argues that his sentencing scoresheet incorrectly added prior offense points for a 1984 burglary conviction in Monmouth County, New Jersey. He maintains that, had the scoresheet omitted this offense, his sentencing score would have permitted a range between any nonstate prison sanction up to a five-year prison term. Including the contested prior offense, however, resulted in a mandatory prison term.

## Analysis

We review de novo alleged errors contesting the accuracy of a sentencing scoresheet. *Moore v. State*, 268 So. 3d 792, 794 (Fla. 4th DCA 2019).

Defendant argues that the State produced insufficient proof corroborating the prior New Jersey burglary offense. However, at his sentencing hearing, he merely objected that the State's proof of identity was inadequate, not that the prior offense was untrue. "[W]here the objection to prior convictions on a rap sheet is predicated solely on hearsay, with no dispute as to their truth, the state need not produce corroborating evidence." *Jennings v. State*, 595 So. 2d 251, 252 (Fla. 1st DCA 1992); *see also Rodriguez v. State*, 650 So. 2d 1111, 1112 (Fla. 2d DCA 1995) (stating that an objection to prior record predicated solely on hearsay does not require corroboration by the State); *Telfort v. State*, 616 So. 2d 1222, 1223 (Fla. 3d DCA 1993) (same); *Banks v. State*, 610 So. 2d 514, 517 (Fla. 1st DCA 1992) (same).

However, if a defendant contests the truth of the prior conviction, then the State is required to corroborate the offense by competent evidence. *See Harp v. State,* 715 So. 2d 377, 378 (Fla. 1st DCA 1998) ("[W]hen a defendant denies under oath that he is the person named in certified copies of judgments of conviction, the State has the burden of proving, by other corroborating evidence, that those records refer to the defendant before the Court."); *Lyons v. State*, 823 So. 2d 250, 251 (Fla. 4th DCA 2002) (holding that the State has the burden of producing competent evidence of a disputed conviction).

2

Here, though not required to do so, the State introduced the 1984 certified conviction of the prior offense from Monmouth County Superior Court. "Proper competent corroborating evidence includes certified copies of the convictions and 'original court records.'" *Taulbee v. State*, 277 So. 3d 1133, 1135 (Fla. 1st DCA 2019) (quoting *Hughes v. State*, 139 So. 3d 477, 478 (Fla. 2d DCA 2014)). Thus, even if required to corroborate the prior offense, the State offered sufficient proof.

Moreover, the pre-sentence investigation report reflected that Defendant was arrested on the contested offense by "Homdel PD" in Monmouth County and attended "Homedale" high school a few years before the offense was committed. His own sentencing memorandum stated that he attended his last two years of high school at "Hometown" New Jersey. "Hometown," "Homdel" and "Homedale" do not exist, but Holmdel lies in Monmouth County, New Jersey. As Defendant offered nothing to rebut the State's evidence and did not contest the truth of his prior conviction, we find no error.

Defendant also challenges on hearsay grounds the trial court's reliance upon the contents of an NCIC report that was never introduced in evidence. Because the State introduced a certified copy of the prior conviction, the trial court's reference to hearsay contained within an NCIC report is harmless.

*Affirmed.*

WARNER and FORST, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

3