GLICKSTEIN, Judge.
This is an appeal of sentence upon violation of probation. We affirm.
Appellant was on probation after pleading guilty to a charge of aggravated battery. His probation officer charged him by affidavit with violation of four conditions of probation. His probation was revoked and a sentencing hearing was held. His sentencing scoresheet reflected 36 points for legal constraint based on a computer printout and a telephone call to authorities in New Jersey. The information from these sources was that appellant absconded from New Jersey while on probation there. Appellant’s counsel objected to these points, contending the printout was not clear and convincing evidence of appellant’s probationary status in New Jersey. The impact of these points was to move the sentence up one cell. Appellant was sentenced to a term of four and one-half years in prison. He appealed. The issue is whether the trial court erred in scoring points for appellant’s purported legal constraint of a probation in New Jersey. We conclude that it did not.
In McKay v. State, 504 So.2d 1280 (Fla. 1st DCA 1986), appellant, as here, objected to the court’s consideration at sentencing to prior convictions information from the rap sheet, on the basis that it was hearsay, but did not dispute its truth. The court approved the trial court’s conclusion that in *1003 these circumstances there was no need for the state to produce corroborating evidence, and cited several case authorities for this conclusion. Id. at 1283. We agree. See also, Baker v. State, 493 So.2d 515, 516 (Fla. 1st DCA 1986).
While appellant tries to make it appear that his objection challenged the correctness of the information from New Jersey, the record does not support this. The objection was to the printout’s and perhaps the phone report’s quality or sufficiency, not to their accuracy. One might argue, as appellant does in his reply brief, that he challenged the correctness of assigning the points based on this information, but that is not what is meant by correctness in the context of the pertinent law. The challenge had to be to the factuality of the New Jersey legal constraint, and was not. To this day, appellant has not said it was not true, but only that the proof of his continued probation in New Jersey was inadequate. Accordingly, the court did not err in failing to demand corroborating non-hearsay evidence from the state.
HERSEY, C.J., and LETTS, J., concur.