574 So.2d 1119 (1991)
Manuel Everett ALVAREZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 90-1394.
District Court of Appeal of Florida, Third District.
January 2, 1991.
Rehearing Denied March 14, 1991.
*1120 Bennett H. Brummer, Public Defender, Beckham & Beckham, P.A., North Miami Beach, and Pamela Beckham, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Anita J. Gay, Asst. Atty. Gen., for appellee.
Before JORGENSON, LEVY and GODERICH, JJ.
PER CURIAM.
Manuel Alvarez appeals his conviction and sentence for burglary of an occupied conveyance. For the following reason, we reverse and remand for a new trial.
On appeal, Alvarez alleges that the trial court erred in denying a defense motion for mistrial based on the improper remarks of the prosecutor during closing argument. Specifically, the prosecutor made the following statements:
(1) Use your common sense, as defense said. Don't let them confuse you, because all you will get from the defense is tearing down. You will not get anything substantive, only inconsistencies, like, `you didn't say that on that day' or, `where are the earrings.'
(2) What happened that night is the way they told it: Manuel, on a rampage, comes up huffing and puffing. "I need a ride; I need money." Of course, these gentlemen have no idea what to expect from him. They see a madman, a violent animal, come up to the window making demands. These gentlemen can't go to the Farm Stores without being accosted by this man.... It could have torn his lobe. Fortunately, there was no serious injury or disfigurement.
(3) What happens next? Did Manuel casually walk away? I went nuts every time the defense asked, "did he walk away?" He didn't walk away. Use your common sense. Did he walk away? No. If he walked away, he walked away fast, trying to make good his escape, or he ran. He was clearly not strolling away; he was trying to get away.
(4) Again, as we said in voir dire, let's not confuse minor inconsistencies with lies, because two people can see the same thing and describe it differently. So, if you are nitpicking and trying to insult somebody's intelligence, as the defense is really doing today... .
(5) [A] deposition where there is no state attorney present, just civilian witnesses or officers subjected to the cross-examination type questions of the public defender, and you've got to watch both of them today, how they asked the questions, same as in deposition, leading questions; "yes, no, thank you and move on."

(6) Not only is he a burglar, he's a robber, and let's see how.
(7) I would certainly be surprised if you don't believe force or violence was used to get them.
(8) What the defense wants you to do is walk him, find him not guilty and turn him loose again.

(9) The defense is now going to break up the elements of robbery and have you just pick one of the elements and give him a slap on the wrist. There are no lessers. By law we have to read them but there is no lesser. He is a robber and a burglar, and don't go for anything less... . Can you live with the decision?
(10) Law makers don't try to get any more than a reasonable doubt. The Judge will give you a definition. It goes to your heart, your gut. Do you buy it? Do you believe... . Nobody can describe what a reasonable doubt is, but you have to have it in your heart of hearts. Don't *1121 walk him. The man is guilty. Don't let them confuse you or insult your intelligence... . Use your common sense. Do your part. Excise this cancer from society.

(11) Nobody is in the man's head. That was what defense said. Since none of us are in that head....
(12) Remember, the officers and victims and witnesses are not counseled in a deposition. They're alone in a small room with two trained attorneys... .
(13) If the defense wanted to see the earrings so bad, they have subpoena powers.

(14) Don't deny Steven Lutz his justice. This man is guilty, and the cloak he was wearing at the beginning of the trial is now off. He is a robber and a burglar for all to see.

(Emphasis supplied.)
The jurisprudence of this district requires reversal when egregious arguments such as these are made.[1]See Rosso v. State, 505 So.2d 611 (Fla. 3d DCA 1987) (improper prosecutorial misconduct warrants new trial where prosecutor indulges in personal attacks upon accused, his defense, or his counsel); Jackson v. State, 421 So.2d 15 (Fla. 3d DCA 1982) (prosecutor's personal attacks upon defense counsel were grossly improper warranting new trial); Gomez v. State, 415 So.2d 822, 823 (Fla. 3d DCA 1982) (reversible error for prosecutor to tell jury not to let victim "walk away without justice" and let "assassins" loose "into our community to commit further crimes").
Reversed and remanded for a new trial.
NOTES
[1] Because we reverse on the basis of prosecutorial misconduct, we need not address appellant's remaining points on appeal.