PER CURIAM.
Christopher McPherson appeals from a judgment of conviction for assault. For the following reason, we reverse and remand for a new trial.
In his closing argument, the prosecutor referred to the defendant as a “madman.” He further argued that, because defendant’s counsel was “manipulative,” she was able to extract erroneous or misleading statements from the victim during a deposition. Based upon Alvarez v. State, 574 So.2d 1119 (Fla. 3d DCA 1991), in which we reversed a conviction and ordered a new trial based upon virtually identical *1358 improper remarks made by the same prosecutor in closing argument, we reverse.[1]
REVERSED AND REMANDED.

. Because we reverse on the grounds of prosecu-torial misconduct, we do not reach the issues presented by the jury selection process.