595 So.2d 251 (1992)
Anthony Thomas JENNINGS, Appellant,
v.
STATE of Florida, Appellee.
No. 91-575.
District Court of Appeal of Florida, First District.
March 9, 1992.
Nancy A. Daniels, Public Defender, and Lynn A. Williams, Asst. Public Defender, Tallahassee, for appellant.
*252 Robert A. Butterworth, Atty. Gen., and Marilyn McFadden, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Chief Judge.
Appellant seeks review of sentences based upon an allegedly inaccurate sentencing guidelines scoresheet, and a written probation order that includes a condition which was not pronounced orally at the sentencing hearing. We reverse and remand for resentencing.
The predicate offenses, kidnapping and armed robbery with a weapon, were committed June 8, 1990. The guidelines scoresheet used at sentencing shows a total of 316 points, for a recommended sentencing range of twelve to seventeen years, and a permitted sentencing range of nine to twenty-two years. The trial court imposed a sentence of twenty years on the kidnapping conviction, and a probationary term of twenty years on the armed robbery with a weapon conviction. The probation was to be served consecutively to the kidnapping sentence.
Appellant contends the guidelines scoresheet relied upon by the trial court was inaccurate with regard to points assessed for legal constraint, scoring a New York petit larceny conviction as a felony, and assessing points for six rather than five prior misdemeanors, and asserts error with respect to the written condition of probation. The state agrees the written probation order must be conformed to the oral pronouncement, but rejects the challenges to the accuracy of the scoresheet.
With regard to the assessment of legal constraint points based upon legal status at the time of the offense, the Category 9 scoresheet applicable to this case designates assessment of twenty-four points if the offender was under legal constraint when the convicted offenses were committed. The scoresheet used at sentencing scored forty-eight points for legal constraint, presumably based upon two New York "failure to appear" capiases dated 1985 and 1989. Appellant challenged these legal constraint points, on grounds that the predicate charge underlying the 1989 failure to appear capias had been withdrawn, and the existence of the legal status was based upon hearsay obtained from the presentence investigation report, which had not been verified.
Legal status points may be scored if at some time prior to the convicted offense, the offender had failed to appear for a criminal judicial proceeding. Fla. R.Crim.P. 3.701 d.6; Thomas v. State, 534 So.2d 1237, 1238 (Fla. 5th DCA 1988). If an accused challenges the accuracy of his prior record, both on hearsay grounds and as to the correctness of the information, the state is required to provide further corroboration. Vance v. State, 545 So.2d 398, 399-400 (Fla. 1st DCA), review denied, 551 So.2d 463 (Fla. 1989). However, where the objection to prior convictions on a rap sheet is predicated solely on hearsay, with no dispute as to their truth, the state need not produce corroborating evidence. McKay v. State, 504 So.2d 1280 (Fla. 1st DCA 1986); Mendes v. State, 522 So.2d 1002 (Fla. 4th DCA 1988). Still, "[l]egal status points are to be assessed only once whether there are one or more offenses at conviction." Flowers v. State, 586 So.2d 1058, 1060 (Fla. 1991).
The scoring of legal constraint points was appropriate in this case. In making this determination, we are mindful that appellant has not contested the truth of the two legal constraints. Rather, he argues the 1989 failure to appear should be deleted, because the victim withdrew the predicate charges. Even if legal constraint points ought not be assessed when the underlying charge has been withdrawn, appellant has not disputed the 1985 legal constraint. The failure to challenge the truth of the legal constraints obviated the state's obligation to produce corroborating evidence beyond that shown on the prior record. McKay, 504 So.2d at 1283; Mendes, 522 So.2d at 1003. See also Baker v. State, 493 So.2d 515, 516 (Fla. 1st DCA 1986).
Nevertheless, it was error to apply a multiplier to the scoresheet legal constraint points. Application of a multiplier *253 to assess legal constraint points for each convicted offense is improper. See Flowers, 586 So.2d at 1060. We conclude the prohibition against multiplying legal status points by the number of offenses at conviction is also applicable to the number of legal constraints reflected in the prior record. Upon remand, no more than twenty-four legal status points may be scored.
Appellant's second scoresheet challenge is directed to scoring a New York petit larceny conviction as a third-degree felony. For scoresheet purposes, out-of-state convictions are to be "assign[ed] the score for the analogous or parallel Florida statute." Fla.R.Crim.P. 3.701 d. 5(a)(2). See Forehand v. State, 537 So.2d 103 (Fla. 1989). The state does not dispute that under New York law, petit larceny is a misdemeanor. Since there is a notable absence in the record of the three prior petit theft convictions required to raise a petit theft conviction to a third-degree felony, see § 812.014(2)(d), Fla. Stat. (1989), it was improper to score the New York petit larceny conviction as a felony. Upon remand, this conviction must be scored as a misdemeanor.
Appellant's third scoresheet challenge contests the scoring of six prior misdemeanor convictions. There is no merit to appellant's assertion that the record reflects only five prior misdemeanors. The prior record lists six misdemeanor convictions, and the scoresheet is accurate in this regard.
The final point concerns the written probation condition that was not pronounced orally at sentencing. The state agrees that the written probation order requiring payment of $1.00 per month to First Step, Inc. of Bay County must be conformed to the oral pronouncement at the sentencing hearing. See Rowland v. State, 548 So.2d 812, 814 (Fla. 1st DCA 1989); Timmons v. State, 453 So.2d 143 (Fla. 1st DCA 1984).
Accordingly, we reverse and remand this cause for resentencing pursuant to a corrected scoresheet, and for conformance of the written probation order with the oral pronouncement.
ERVIN and ALLEN, JJ., concur.