GERSTEN, Judge.
Appellant, Robert Halsell, appeals his conviction and sentence for aggravated battery. We reverse because the trial court erred in denying appellant’s motion for mistrial.
Basically, this case arises from the trial judge’s July 17,1995, ruling from Courtroom 4-2 in the Justice Building.[1] The trial judge granted appellant’s motion in limine foreclosing the prosecutor from introduction (in the future) of a prior action (appellant’s misdemeanor battery conviction). Thus, the ground rules were set before trial began.
During this one-on-one (victim against appellant) trial, the exasperated prosecutor delved into the area precluded by the trial judge’s ruling. Despite the trial court’s proper ruling, see Wright v. State, 446 So.2d 208 (Fla. 3d DCA 1984), the prosecutor crossed into forbidden territory. The prosecutor said: “But who has the greatest interest and the greatest motivation to tell the truth? ... [Appellant] also has a conviction for battery which came out through his friends.”
Appellant objected, and the trial court told the jury to rely on their own recollection of the evidence. Appellant moved for a mistrial based upon the prosecutor’s actions, but the trial judge denied the motion.
The foundation of our legal system depends on fidelity to rules. Once the trial court prohibited reference to appellant’s pri- or conviction, it was then responsible for ensuring the parties complied with its rule. The trial court’s failure to grant a mistrial in light of the prosecutor’s improper comment in violation of its ruling clearly constitutes reversible error, particularly in a case without overwhelming evidence. See Shorter v. State, 532 So.2d 1110 (Fla. 3d DCA 1988); State v. Davis, 411 So.2d 1354 (Fla. 3d DCA 1982).
Accordingly, settled legal principles require reversal for a new trial. At this next trial, we expect a commitment to the rules so that the trial outcome will be what it is meant to be.
Reversed and remanded for a new trial.

. My old familiar courtroom where above the bench hung a sign declaring “Fiat Justitia.”