684 So.2d 875 (1996)
Antonio DE JESUS, Appellant,
v.
The STATE of Florida, Appellee.
No. 95-2384.
District Court of Appeal of Florida, Third District.
December 18, 1996.
Bennett H. Brummer, Public Defender and Julie M. Levitt and Harvey Sepler, Assistants Public Defender, for appellant.
Robert A. Butterworth, Attorney General and Sylvie Perez Posner, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., and NESBITT and LEVY, JJ.
SCHWARTZ, Chief Judge.
After a jury trial, De Jesus was convicted of numerous crimes committed during a home invasion robbery. We disagree with the appellant's primary claim for reversal, that the prosecution's final argument was fatally erroneous. He points specifically to the following:
Of course, she [defense counsel] doesn't think the evidence is enough. That's her job. She is defending the defendant.
* * * * * *
There is a saying that trial attorneys learn in law school: When you have the law, you sympathize [sic] the law. When you have the facts, you emphasize the facts. And when you don't have anything, you bang on *876 the table and attack the credibility of the witnesses.
And that's what's happening here with the fingerprints. And they are attacking the credibility of the witnesses, because they don't have the facts, and they don't have the law.
We think that these comments, which are common to the point of universality and familiar to the point of judicial boredom, were within the range of appropriate advocacy and therefore not erroneous, much less so beyond the pale as to vitiate the trial entirely and require a new one. See Bonifay v. State, 680 So.2d 413 (Fla.1996); King v. State, 623 So.2d 486 (Fla.1993); Heinz v. State, 615 So.2d 238 (Fla. 3d DCA 1993). They surely bear no resemblance to the kinds of attacks on defense counsel or the defense itself which mandate reversal.[1] Cf. Alvarez v. State, 574 So.2d 1119, 1120 (Fla. 3d DCA 1991) ("Don't let them confuse you, because all you will get from the defense is tearing down. You will not get anything substantive, only inconsistencies.... So, if you are nitpicking and trying to insult somebody's intelligence, as the defense is really doing today...."); Jackson v. State, 421 So.2d 15, 15 n. 1 (Fla. 3d DCA 1982) ("Would you buy a used car from this guy, ladies and gentlemen of the jury?"); Peterson v. State, 376 So.2d 1230, 1231, 1233 (Fla. 4th DCA 1979) ("a police officer ... had to go down into the dirt, into the slime with the pushers, deal with them at their level and bring the case to court.... Not only do they have to get into these disguises and crawl down there and deal with people like this, but they have to deal with people like his lawyer...."), cert. denied, 386 So.2d 642 (Fla.1980).
There is also no merit in the claim that the state did not appropriately establish the basis for the defendant's sentencing as a habitual offender. See Eutsey v. State, 383 So.2d 219 (Fla.1980); Mendes v. State, 522 So.2d 1002 (Fla. 4th DCA 1988); McKay v. State, 504 So.2d 1280 (Fla. 1st DCA 1986).
We do agree with both parties that DeJesus was improperly convicted of two counts of burglary with an assault on the basis of attacks on two separate victims within the home. See Troedel v. State, 462 So.2d 392 (Fla.1984); James v. State, 567 So.2d 59 (Fla. 4th DCA 1990), cause dismissed, 576 So.2d 288 (Fla.1991). The conviction and sentence for the second count of burglary with an assault (count four) are therefore vacated. Similarly, we agree that the written sentence as to count seven, grand theft, must be amended to eliminate the minimum mandatory term which was specifically not imposed orally by the trial court. With these two exceptions, the convictions and sentences under review are affirmed.
Affirmed in part, reversed in part.
NOTES
[1] The dire consequences of depriving trial lawyers of the "pound the facts-pound the law-pound the table" argument might well include the end of the criminal justice system as we know it. We would not want to be responsible for such a catastrophe. (Or would we?)