834 So.2d 933 (2003)
Yaite GONZALEZ-VALDES, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D00-2972.
District Court of Appeal of Florida, Third District.
January 22, 2003.
*934 Bennett H. Brummer, Public Defender, and Roy A. Heimlich, Assistant Public Defender, for appellant.
Charlie Crist, Attorney General, and Paulette R. Taylor, Assistant Attorney General, for appellee.
Before LEVY, GERSTEN, and GODERICH, JJ.

ON MOTION FOR REHEARING
PER CURIAM.
The appellant's motion for rehearing is denied. This Court's opinion filed September 25, 2002, is withdrawn sua sponte, and the following opinion is substituted for clarification.
Yaite Gonzalez-Valdes ("defendant") appeals her conviction of second degree murder, claiming the trial court erred in denying her motion for mistrial, by permitting the victim's ex-wife's testimony as to absence of abuse, and by permitting the prosecution to make improper remarks during closing. We affirm.
The defendant was arrested and charged with first-degree murder after she shot and killed her live-in boyfriend, Jesus Robaina-Viera ("Robaina"). At trial, the defendant testified that she was 21-years old when she met the then 48-year old Robaina. Robaina was visiting relatives in Cuba and picked her up on the side of the road. The two became romantically involved, and Robaina successfully made arrangements to get the defendant into the United States.
According to the defendant, after she started living with Robaina, he began to physically and emotionally abuse her. However, a neighbor who visited the couple weekly testified he never witnessed any abuse or verbal arguments. Similarly, Robaina's brother testified he never saw Robaina strike the defendant and never saw any signs of abuse. Robaina's ex-wife testified that she was married to Robaina for 29 years and that he never raised his hand to her and never physically or sexually abused her.
On the evening of the shooting, the defendant claimed Robaina had been drinking heavily, and became verbally and physically abusive. She testified that Robaina called her a whore and threatened to kill her with a shotgun. Because the shotgun would make too much noise, Robaina set it down and went to the kitchen where he kept poisonous syringes. The defendant claimed she believed Robaina was going to kill her, so she picked up the shotgun, found Robaina in the bathroom, and shot him in the back as he was urinating into the toilet. The defendant shot Robaina three more times when he fell to the floor. She then went back to the bedroom, reloaded the shotgun, and 20 minutes later called a neighbor. Shortly thereafter, the defendant was arrested. She was found guilty of second-degree murder with a firearm as a lesser included offense of the first-degree premeditated murder charged in the indictment.
We find no merit in the several issues raised by the defendant in this appeal. First, the trial court did not err in admitting the testimony of Robaina's ex-wife. The defendant's theory of defense at trial was self-defense. She claimed that she killed Robaina rather than leave him *935 because she suffered from battered woman's syndrome. A defense expert witness testified on behalf of the defendant and opined the defendant had battered woman's syndrome. The expert based her opinion upon meetings with the defendant and the defendant's statement that Robaina first abused the defendant by allegedly punching her in the eye. Taking these statements as true, the defense expert further stated that Robaina was a chronic abuser and had been violent before.
On rebuttal, in addition to the testimony of Robaina's brother who stated Robaina never struck the defendant, the prosecution presented the testimony of Robaina's ex-wife. The ex-wife testified she was married to Robaina for 29 years and that he never raised his hand to her and never physically or sexually abused her. This testimony had a direct bearing on the validity of the expert's opinion concerning the defendant's alleged battered woman's syndrome defense.
Decisions as to the admissibility of evidence are within the discretion of the trial court and will not be reversed absent a clear showing the trial court abused its discretion. See White v. State, 817 So.2d 799 (Fla.2002); Ray v. State, 755 So.2d 604 (Fla.2000). The ex-wife's testimony that Robaina had never abused her in their 29 years of marriage was unquestionably relevant since the expert's opinion was based upon her conclusion that Robaina was a chronic abuser who had been abusive in other relationships. See e.g. Mims v. United States, 375 F.2d 135 (5th Cir.1967)(expert opinion evidence may be rebutted by showing incorrectness or inadequacy of factual assumptions upon which opinion is based); Balfour v. State, 768 So.2d 1227 (Fla. 3d DCA 2000)(lay testimony adequately rebutted expert testimony). We find no abuse of discretion in the admission of this relevant testimony to rebut the factual assumptions upon which the expert's opinion was based.
Similarly, we find no abuse of discretion in the trial court's denial of the defendant's motion for mistrial. Prior to trial, the trial court granted the defendant's motion in limine to prohibit the prosecution from eliciting testimony which suggested the defendant was a prostitute in Cuba. During trial, the prosecution cross-examined the defendant about why Robaina called her a whore, asking "What did he know that we don't know?" and "He gave you money?" Defense objections were sustained and subsequently the defendant moved for a mistrial. The trial court denied the motion finding no prejudice, and rebuked the prosecutor.
Thereafter during cross-examination of one of the defendant's friends, the prosecutor asked "Are you aware of the fact that [the defendant] had several relationships with men?" and "Are you aware of the fact that [the defendant] had a child at a young age?" The trial court again sustained a defense objection finding probative value was outweighed by prejudicial effect, and denied the defendant's motion for mistrial. The defendant's renewed motion for mistrial after the defense rested, based on the cumulative effect of the prosecutor's questions, was also denied.
The prosecution's closing argument asserted the defendant's testimony was not credible and focused on the inconsistencies between the defendant's initial statement to the police and her subsequent trial testimony. The prosecution further pointed out that most of the facts the expert relied upon in order to conclude the defendant had battered woman's syndrome were not initially mentioned to the police. The defendant only revealed these facts after she sat down and talked to the expert. The trial court again denied defense counsel's motion for mistrial based on the alleged *936 "character attack," and the case proceeded to the jury.
A trial court's ruling on a motion for mistrial is presumed correct and will not be reversed on appeal absent a clear showing of abuse of discretion and that a mistrial was necessary to ensure the defendant a fair trial. See Hamilton v. State, 703 So.2d 1038 (Fla.1997); Cole v. State, 701 So.2d 845, 853 (Fla.1997). The cases cited by the defense are distinguishable by the severity and nature of the comments made, and there is nothing in the record before us which indicates the defendant's trial was unfair. See Power v. State, 605 So.2d 856 (Fla.1992).
The prosecutor's questions regarding the defendant's relationships were not unduly prejudicial, defense counsel objections were sustained before any answers were provided, and the issues raised by these questions involved evidence that was already before the jury. Cf. Gore v. State, 719 So.2d 1197, 1199 (Fla.1998) (collateral crime evidence of defendant's "reprehensible action of leaving a two-year-old child naked in a burned and abandoned house in thirty-degree weather" had no relevance in trial, was highly prejudicial and presumed harmful); Halsell v. State, 672 So.2d 869 (Fla. 3d DCA 1996) (reference to unrelated prior conviction and lack of other sufficient evidence of guilt required mistrial). Thus we find no abuse of discretion in the trial court's denial of the defendant's motion for mistrial and that any potential error was not "so prejudicial as to vitiate the entire trial." See Hamilton v. State, 703 So.2d at 1041.
Moreover, we note that a careful review of the record clearly reveals that the evidence of guilt against the defendant was overwhelming. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986). The defendant's own testimony negated any claim that she was in fact acting in self-defense, and the defendant made no attempt to retreat. See Weiand v. State, 732 So.2d 1044 (Fla.1999)(domestic violence victim has duty to retreat where reasonably possible before using deadly physical force). Instead, she armed herself with a shotgun, sought out the defendant to kill him, and repeatedly shot him in the back while he was standing naked in his bathroom urinating in the toilet.
In conclusion, we find no abuse of discretion in the trial court's rulings and that the defendant's right to a fair trial was not violated. See Goodwin v. State, 751 So.2d 537 (Fla.1999). Accordingly, we affirm the defendant's conviction and sentence below.
Affirmed.
GERSTEN and GODERICH, JJ., concur.
LEVY, Judge (dissenting).
I respectfully dissent.
Appellant was charged with the first-degree murder of her husband and, at trial, defended on the ground that she suffered from Battered Woman's Syndrome. After a jury trial, appellant was convicted of second degree murder. Appellant appeals from the trial court's denial of her motion for mistrial based, in part, on improper prosecutorial questioning relating to appellant's alleged prostitution in Cuba. After reviewing the Record and the trial transcripts, I feel that the trial court erred in denying appellant's Motion for Mistrial. As such, I would reverse appellant's conviction.
The Record reflects that, prior to trial, appellant filed, and the court granted, a Motion in Limine to prohibit the prosecutor, and all State witnesses, from commenting or eliciting testimony that the appellant was a prostitute in Cuba and that the victim was not abusive in prior relationships.[1] *937 Nevertheless, during cross-examination of the appellant, the prosecutor engaged in the following line of questioning.
Q: Now, at that time, he called you a name after you fired the gun. Correct?
A. Yes.
Q. What did he call you?
A. Whore.
Q. He called you whore all the time.
A. Yes.
Q. And three or four times a day, he called you by that name. What did he know about you that we don't know?
(emphasis added). After defense objection, which was sustained by the court, the prosecutor followed with "He gave you money?" Defense counsel moved for a mistrial which was denied by the trial court who recognized that the line of questioning was improper but, nevertheless, found that the defense was not prejudiced.
Subsequently, during cross-examination of a defense witness, a childhood friend of the appellant's, the prosecutor engaged in the following line of questioning:
Q: And you were her [appellant's] neighbor in Cuba.
A: Yes.
Q: And you are aware of the fact that she's had several relationships with men.
{defense counsel}: Objection.
The Court: Sustained.
Q: You are aware of the fact that she had a child at a young age.
{defense counsel} Judge, Objection.
The Court: Sustained. Sidebar.
The defense again moved for mistrial which was, again, denied.
Section 90.402, Florida Statutes, provides that evidence must be relevant to be admissible. Moreover, section 90.403, Florida Statutes, provides that relevant evidence may nevertheless be inadmissible "if its probative value is substantially outweighed by the danger of unfair prejudice." § 90.403, Fla. Stat. In the instant case, appellant is on trial for the murder of her husband. Her defense is that she suffered from Battered Woman's Syndrome. Any evidence that appellant was a prostitute in Cuba or that appellant gave birth to a child at a young age is irrelevant to both the State's case and appellant's defense. Consequently, this evidence would fail to meet the relevancy requirements of admissible evidence.
Even if the evidence could remotely be considered "relevant," introduction of this type of evidence into the case would be barred by the balancing requirements of section 90.403, Florida Statutes. See Gore v. State, 719 So.2d 1197 (Fla.1998); see also Dukes v. State, 356 So.2d 873 (Fla. 4th DCA 1978). In a case such as the one before the Court, where the defense is that the defendant suffered from Battered Woman's Syndrome, and the only witnesses to the relationship include the defendant charged with the crime and the dead victim, the defendant's credibility is an integral part of the case. Evidence that the appellant may have been a prostitute in Cuba or gave birth to a child at a young age is neither probative of the crime for which she is charged, nor relevant to appellant's defense. Consequently, the *938 only purpose served by the introduction of such evidence is to improperly attack appellant's character and credibility. The probative value of such evidence, if any, is outweighed by the inherent prejudicial effect that such evidence may have on the jury and should, therefore, be precluded. See Gore, 719 So.2d at 1199; see also Dukes v. State, 356 So.2d at 875-76. In the instant case, the trial court, in granting appellant's Motion in Limine, implicitly ruled that the evidence was either irrelevant, or, if relevant, that the prejudicial effect greatly outweighed the probative value. Consequently, denial of appellant's motion for mistrial, in light of the court's pre-trial ruling, was error.
In Gore v. State, 719 So.2d 1197 (Fla. 1998) the Supreme Court of Florida reversed a defendant's conviction, in part, because the State engaged in impermissible and improper questioning of the defendant. In Gore, the trial court limited the State's introduction of Williams-rule evidence, specifically precluding the State from introducing the details of a previous similar crime. See Gore, 719 So.2d at 1198. Nevertheless, during cross-examination of the defendant, the State, without seeking modification of the court's ruling, delved into the very matter which the trial court precluded in the pre-trial motion. Defense counsel objected. The trial court overruled the objection. See Gore, 719 So.2d at 1198-99. On appeal, the Supreme Court noted its concern with the State's "blatant disregard of the trial court's specific ruling" and found that the prejudicial effect of the evidence greatly outweighed any probative value. See Gore, 719 So.2d at 1199.
Similarly, in Halsell v. State, 672 So.2d 869 (Fla. 3rd DCA 1996), this Court reversed a defendant's conviction and granted a new trial where the State "crossed into forbidden territory." Halsell, 672 So.2d at 870. In Halsell, the trial court, like in the instant case, granted the defendant's motion in limine precluding the introduction of a prior action. Like in the instant case, the State delved into the precluded area. After defense objection, the trial court instructed the jury to rely on its recollection of the evidence. The defense then moved for mistrial which, as in the instant case, was denied. On appeal, this Court reversed noting that
[o]nce the trial court prohibited reference to appellant's prior conviction, it was then responsible for ensuring the parties complied with its rule. The trial court's failure to grant a mistrial in light of the prosecutor's improper comment in violation of its ruling clearly constitutes reversible error, particularly in a case without overwhelming evidence.
Halsell, 672 So.2d at 870. In the instant case, the trial court granted appellant's Motion in Limine to preclude the specific evidence that the State alluded to during its cross-examination of the appellant and then raised again during the testimony of a defense witness. The State, not once but twice, in complete disregard of the pre-trial ruling, hinted at the fact that the appellant was, or may have been, a prostitute in Cuba. This line of questioning was improper, in contravention of the trial court's pre-trial Order, and prejudicial to appellant, thereby precluding her right to a fair trial.
Accordingly, I would reverse appellant's conviction and remand for a fair trial wherein the appellant is only tried for the crime with which she is charged.
NOTES
[1] Because it is difficult to predict whether the door might be open to evidence relating to the victim's non-abusive prior relationships in a new trial, or what may happen in a new trial with respect to appellant's other points on appeal, I find it unnecessary to address the remaining issues on appeal and only address the error relating to the improper questioning.