CORTIÑAS, Judge.
Michael Boyd (the “defendant”) appeals his conviction for burglary of an occupied dwelling contending that the trial court erred in denying his motion for a mistrial. We affirm.
The defendant was arrested and charged with burglary after he was found by police several blocks from the victim’s home, which had been the subject of a recent burglary. While in custody, the defendant made a taped statement admitting that he entered the victim’s home through an unlocked window because he was homeless and hungry and that, upon realizing that the home was occupied, he immediately left.
At trial, a detective testified that when the victim’s daughter saw the defendant she “simultaneously started crying and said.. ,[’]mommy that’s him.[’]” Defense counsel objected on the basis of hearsay; however, the trial court overruled the objection. During the trial, the victim also testified and identified the defendant in the courtroom as the man who she saw peering through the window near the front door moménts before someone entered through a back window of her home. The defendant did not testify; however, his taped statement was played to the jury.
At the close of the State’s case, defense counsel asked the court to reconsider its ruling that the detective’s identification testimony was admissible since the daughter did not testify and, therefore the state *886 ment of identification was inadmissible under section 90.801(2)(c), Florida Statutes (2004). In light of the fact that the daughter did not testify, the trial court granted defense counsel’s request and instructed the jury to disregard the daughter’s out-of-court identification of the defendant.
During the State’s closing argument, the prosecutor made the following comments which the defendant contends merit a new trial:
For the first time in this trial, again, I am confused. If you remember what happened yesterday morning and yesterday afternoon defense counsel ... got up here, stood here and told you that ... he was the one who committed that burglary and that he was just looking for food ... I do not know how [defense counsel] on behalf of defense can get up here with a straight face and tell you the exact opposite at 4:30 today
Defense counsel timely objected to the foregoing comment, but it was overruled.
The prosecutor then continued to make the following statement:
The defendant that day on June 24, 2004, stole something much more valuable than a piece of food and a piece of property. He stole [the victim’s] peace of mind.
Thereafter, defense counsel made another objection and a side bar discussion ensued where defense counsel moved for a mistrial. The trial judge denied defense counsel’s motion for a mistrial stating that, when reviewing the prosecutor’s statement in the totality of the circumstances, the statement referring to the victim’s state of mind was inflammatory, but that any effect would be diminutive. The record reflects that the trial judge’s decision to deny the motion was made after carefully considering the issue of homelessness and the fact that it was a factual element raised by defense counsel throughout the trial, rather than an element of the crime.
Subsequently, the jury found the defendant guilty of burglary of an occupied dwelling. Because the defendant had been convicted and sentenced for three other burglaries, the trial court sentenced the defendant to forty years imprisonment as a violent career criminal. The defendant’s appeal followed.
“A trial court’s ruling on a motion for mistrial is presumed correct and will not be reversed on appeal absent a clear showing of abuse of discretion and that a mistrial was necessary to ensure the defendant a fair trial.” Gonzalez-Valdes v. State, 834 So.2d 933, 936 (Fla. 3d DCA 2003)(citing Hamilton v. State, 703 So.2d 1038 (Fla.1997)). It is well established that the trial court’s power to declare a mistrial and discharge the jury “should be exercised with great care and caution and should be done only in cases of absolute necessity.” Thomas v. State, 748 So.2d 970, 980 (Fla.1999) (citation omitted).
Here, we find no abuse of discretion in the trial court’s denial of the defendant’s motion for a mistrial and conclude that the defendant’s right to a fair trial was not violated. First, the prosecutor’s comment during closing argument regarding defense counsel bears no resemblance to the kinds of statements which Florida courts have found to require a new trial. Cf. Alvarez v. State, 574 So.2d 1119, 1120 (Fla. 3d DCA 1991)(“Don’t let them confuse you, because all you will get from the defense is tearing down. You will not get anything substantive, only inconsistencies ... So, if you are nitpicking and trying to insult somebody’s intelligence, as the defense is really doing today....”); Jackson v. State, 421 So.2d 15, 15 n. 1 (Fla. 3d DCA 1982)(“Would you buy a used car from this guy, ladies and gentlemen of the jury?”); Peterson v. State, 376 So.2d 1230, 1231, *887 1233 (Fla. 4th DCA 1979)(“a police officer ... had to go down into the dirt, into the slime with the pushers, deal with them at their level and bring the case to court ... Not only do they have to get into these disguises and crawl down there and deal with people like this but they have to deal with people like his lawyer ... ”); De Jesus v. State, 684 So.2d 875, 876 (Fla. 3d DCA 1996)(holding that the prosecutor’s comment during closing argument that “[defense counsel] doesn’t think the evidence is enough. That’s her job. She is defending the defendant” did not mandate reversal); Lewis v. State, 711 So.2d 205, 207 (Fla. 3d DCA 1998)(coneluding that the prosecutor’s statement that defense counsel’s line of questioning was “lame” did not require a new trial). Second, the prosecutor’s statement during closing argument regarding the victim’s state of mind did not materially contribute to the conviction and was not so inflammatory as to have influenced the jury to reach a more severe verdict and, thus, warrant a new trial. See Spencer v. State, 645 So.2d 377, 383 (Fla.1994) (citations omitted)(holding that a prosecutor’s comments during closing argument merit a new trial if the comments “materially contribute to the conviction, [are] .so harmful or fundamentally tainted as to require a new trial, or [are] so inflammatory that they might have influenced the jury to reach a more severe verdict”).
Moreover, we find no merit in the defendant’s contention that the trial court was required to consider any harm that resulted from the inadmissible identification testimony when it considered defense counsel’s motion for a mistrial during the prosecutor’s closing argument. Because the record clearly shows that defense counsel did not raise this issue for the trial court’s consideration when ruling on the defendant’s motion for a mistrial, it was not properly preserved for appellate review. See Steinhorst v. State, 412 So.2d 332, 338 (Fla.1982)(holding that “[e]xcept in cases of fundamental error, an appellate court will not consider an issue unless it was presented to the lower court”); see also Spann v. State, 857 So.2d 845, 856 (Fla.2003) (citation omitted)(“To be preserved for appeal, ‘the specific ground upon which a claim is based must be raised at trial and a claim different than that will not be heard on appeal.’ ”).
Because we find no abuse of discretion in the trial court’s rulings and that the defendant’s right to a fair trial was not violated, the conviction and sentence under review are affirmed.
Affirmed.